JACOB ESTELLE *vs.* VILLAGE OF LAKE CRYSTAL.

October 7, 1880.

**Municipal Corporation—Unsafe Platform in Street**—If a municipal corporation knowingly permits, in a public street, a structure such as a platform to be used by the public as a part of the street, placed there by a private person, to remain and to be so used, it is its duty to see that it it in safe condition to be used by the public as a part of the street. And this is so, though the structure be not in the most usually travelled portion of the street.

**Same—Knowledge, by Person injured, of unsafe condition of Platform.**—Previous knowledge of the unsafe condition for use of such a structure, from its not being provided with railings or guards to prevent persons walking or falling off, on the part of one injured in consequence of such unsafe condition, does not conclusively show negligence on his part, but is evidence of negligence to be considered by the jury with the other circumstances of the case.

Appeal by defendant from an order of the district court for Blue Earth county, *Dickinson*, J., presiding, refusing a new trial.

*Loren Cray*, for appellant.

*Brown & Wiswell*, for respondent.

GILFILLAN, C. J. The defendant is an incorporated village, possessing the powers in respect to streets and sidewalks usually vested in municipal corporations. Humphrey street, one of the principal streets of the village, runs east and west, and is 60 feet wide. At one place, for a considerable distance, there is a depression of several feet in the original surface of the ground over which the street runs. Through this depression and along the south side of the street, the village authorities had, by filling in, raised the surface and constructed a wagon road 20 or 25 feet in width, and on the same side had made a sidewalk. Along this made road and sidewalk the travel at that part of the street mostly passed. Nothing had been done by the authorities to improve the north half of the street through this depression. In this depression on the north side of the street, a Mr. Humphrey, in the spring of 1878, erected a store; the front, 20 feet wide, being on the

line of the street. The first floor above the basement was five or six feet higher than the natural surface of the ground at that place. Along this front, and for four or five feet beyond it on the east, and nearly at the height of the first floor, he constructed a platform about five feet wide, supported by posts. From the projection of the platform beyond the front of the store on the east, there were steps descending north, on the east side of the store, for the purpose of passing from the platform to the basement. No means were provided for getting on or off at the ends of the platform, nor to prevent persons walking or falling off at the ends. For access to the platform from the street he filled the street in front out to the wagon road made by the authorities. It does not appear that the platform was used by any persons except those about the store or basement, or persons dealing or visiting there. It could not be used for the purpose of passing along the side of the street. It was an effectual barrier to such passage on that side. The platform was in the street sufficiently long before the injury complained of to charge the village with notice of it.

In the fall of 1878, in the evening, plaintiff was at the store on business, and upon coming out walked or fell off the end of the platform, injuring himself seriously. To recover for this injury he brings suit against the village. The court is of opinion that a municipal corporation which knowingly permits a structure to be made or to remain in a public street, is liable to one who, without his fault, and while in the proper use of the street, sustains injury from the presence of such structure in the street; that if the structure be of itself a nuisance, dangerous to those using the street, it is the duty of the corporation, having notice, to remove it; (*Cleveland* v. *City of St. Paul*, 18 Minn. 279;) that if it be not in and of itself a nuisance, but is placed in the street to be used by the public as a part of it, it is the duty of the corporation permitting it to remain, and to be so used, to see that it is in safe condition for the public to use it as a part of the street; and

that this is so, though the structure be not in the most usually travelled portion of the street. The charge of the court below and its refusal of defendant's requests were fairly in accordance with the propositions we have thus stated.

That the plaintiff knew before the injury the unsafe condition of the platform, was evidence of negligence on his part in not avoiding injury from such condition, but did not conclusively establish it. Upon that fact, and the other circumstances of the case, it was for the jury to determine if the plaintiff was negligent.

Order affirmed.