BRUNO SCHUBERT *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY
COMPANY.

### December 1, 1880.

**Railroad Co.—Duty to adjacent Land-Owner, where road is not fenced.**—A railroad company which has failed to fence its road, as required to do by statute, must run its trains upon the basis that cattle rightfully upon adjoining lands may stray upon the track, on account of the absence of a fence. The adjoining land-owner is not to be deprived of the use of his land by the failure of the company to fence, and in using the same he has a right to expect this course of conduct on the part of the company.

**Same—Contributory Negligence of Land-Owner.**—Whether, in exercising his right to use his land, the land-owner has been guilty of negligence, contributing to an injury to his cattle, is ordinarily a question of fact for a jury, to be determined with reference to all the circumstances of the case, and the duty of the company as above indicated. Merely suffering his cattle to graze upon his land, or to go to a spring thereon, in broad daylight, is not such negligence on the part of the land-owner, in law, notwithstanding the company's road is unfenced, and notwithstanding there is another railroad within a few hundred feet.

Appeal by defendant from a judgment of the district court for Carver county, *Macdonald*, J., presiding.

*L. L. Baxter*, for appellant.

*S. Fowler*, for respondent.

BERRY, J. The defendant's railroad, where it ran through plaintiff's land, had not been fenced, as required by Gen. St. 1878, c. 34, § 54. Section 55 of that chapter provides that "all railroad companies shall be liable for domestic animals killed or injured by the negligence of such companies; and a failure to build and maintain cattle-guards and fences, as above (viz., in section 54,) provided, shall be deemed an act of negligence on the part of such companies." Plaintiff turned his cow upon his land to graze, and to drink at a spring thereon, and, between 11 and 12 o'clock in the forenoon, having passed from the land upon defendant's track, she was struck by a passing train and injured. If the defendant's road had been fenced, there is no reason for

supposing that the cow would have been upon the track. The liability of the defendant for the injury, as the result of the negligence imputed to it by the statute, is clear, unless there was contributory negligence on the part of the plaintiff. *Whittier* v. *Chicago, Mil. & St. Paul Ry. Co.*, 24 Minn. 394.

The plaintiff certainly has a right to use his land, and he is not to be deprived of this right by the defendant's failure to do its duty by fencing. If the defendant will persist in running its trains without complying with the fence law, it must run them upon the basis that cattle, rightfully upon adjoining lands, may stray upon the track on account of the absence of a fence. In other words, the defendant must run its trains with reference to the fact that such cattle are exposed to injury through its own negligence, and with a degree of care reasonably proportionate to the risk of such exposure. The owner of the land has a right to expect this course of conduct on the part of the defendant, and to act accordingly. Whether, in exercising the right to use his land, the owner has been guilty of negligence contributing to an injury to his cattle, is ordinarily a question of fact for a jury, to be determined with reference to all the circumstances of the case, and the duty of the defendant, as above indicated. Merely suffering his cattle to graze upon his land, or to go to a spring thereon, in broad daylight, is certainly not such negligence on the part of the land-owner, *in law*, notwithstanding defendant's road is unfenced, and notwithstanding there is another railroad within a few hundred feet. In this view of the law, we see no reason for disturbing the verdict in this case. The negligence of the defendant in failing to build and maintain the fence is clearly established, and the jury were justified by the evidence in finding no contributory negligence on the part of the plaintiff.

Judgment affirmed.