FERDINAND HOLTZ *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

August 18, 1882.

**Railway—Evidence of Negligence in Maintaining Fences.**—Evidence in this case *held* sufficient to support plaintiff's allegations that the defendant corporation was guilty of negligence in failing to maintain and keep in repair its fences previously built along its right of way through plaintiff's land, and that in consequence plaintiff's cattle escaped upon the track, and were killed by defendant's cars.

Appeal by defendant from an order of the district court for Waseca county, *Buckham*, J., presiding, refusing a new trial.

*Collester Bros.*, for appellant, cited *Morrison* v. *N. Y. & N. H. R. Co.*, 32 Barb. 568; *Morrison* v. *Erie Ry. Co.*, 56 N. Y. 302; *Bennett* v. *Chic. & N. W. Ry. Co.* 19 Wis. 145; *Great Western R. Co.* v. *Morthland*, 30 Ill. 451; Wharton on Negligence, § 335; Gen. St. 1878, c. 34, § 57.

*Lewis & Leslie*, for respondent.

VANDERBURGH, J.* This action is brought to recover the value of domestic animals killed on defendant's railroad track. The defendant's railroad runs through plaintiff's farm, and in July, 1880, a calf belonging to him was killed by defendant's cars, and two of his sheep in December following. The defendant had previously built a fence on each side of its right of way. We have no doubt that in such case, (assuming that the fences were legally sufficient when built,) the burden of proof rests upon the plaintiff to show that the defendant corporation was guilty of negligence in failing to maintain and keep in repair its fences, and also that the injury complained of was the result of such negligence.

1. The evidence of plaintiff's witnesses tends to establish the fact that the fence in question on each side of the track had become very poor in places and insufficient as a protection against cattle, and we think the evidence sufficient to support the finding that the company

---

*Mitchell, J., being absent at the argument, took no part in this case.

had been negligent, under the statute, in suffering it to remain in such condition.

2. The point principally relied on, however, by the defendant's counsel, is that it was not made to appear on the trial that these animals escaped from plaintiff's premises through any defective place or opening in the fence, or in consequence of the insufficiency thereof. But if the evidence of plaintiff's witnesses is to be credited, the fences were in such condition at the time of the injuries complained of as to allow cattle to pass through or under them in divers places. From the situation of the premises where the animals were kept in respect to this defective fence, it was a reasonable inference for the jury to make that they escaped upon the track through some of the openings in the fences, and in consequence thereof. There is evidence, therefore, sufficient to support the verdict. There is no presumption of contributory negligence from the mere fact that the animals were suffered to be upon the owner's premises adjoining defendant's right of way, and were not kept up in an enclosure by him. *Schubert* v. *Minn. & St. Louis Ry. Co.*, 27 Minn. 360.

Order affirmed.