DANIEL MCKENZIE *vs.* CITY OF NORTHFIELD.

June 8, 1883.

**Contributory Negligence — Previous Knowledge of Defect in Sidewalk.**—Previous knowledge of the condition of a street or sidewalk is not conclusive evidence of contributory negligence, so as to bar a recovery by a person injured in consequence of its being out of repair, unless its condition is such that, under like circumstances, a person of ordinary prudence would not venture upon or over it.

Action for personal injuries. Appeal by defendant from an order of the district court for Rice county, *Buckham*, J., presiding, refusing a new trial, after a verdict of $10,000 in favor of plaintiff. The case is stated in the opinion.

*Perkins & Whipple*, for appellant.

Plaintiff was guilty of contributory negligence and is therefore not entitled to recover in this action. *Erd* v. *City of St. Paul*, 22 Minn. 443; *Bruker* v. *Town of Covington*, 69 Ind. 33; *Schaefler* v. *City of Sandusky*, 33 Ohio St. 246; *Horton* v. *Inhabitants of Ipswich*, 12 Cush. 488; *Wilson* v. *City of Charlestown*, 8 Allen, 137; *Mahony* v. *Met. R. Co.*, 104 Mass. 73; *Dewire* v. *Bailey*, 131 Mass. 169.

*Pattee & Cutler* and *Gordon E. Cole*, for respondent.

VANDERBURGH, J. It was held in *Estelle* v. *Village of Lake Crystal*, 27 Minn. 243, and in *Kelly* v. *Southern Minn. Ry. Co.*, 28 Minn. 98, that previous knowledge that a street or crossing was out of repair does not conclusively establish contributory negligence on the part of a person travelling over it, and who is injured in consequence of its unsafe condition. And this, we think, substantially disposes of the principal point in this case. The plaintiff had been accustomed to pass over a sidewalk in the city of Northfield, in going to and fro from his house, daily for several years. A portion of this walk near his house, made of old materials, had been for a long time out of repair, of which the defendant had notice. The walk was four feet wide, made of plank, laid lengthwise upon sleepers raised up from the ground, leaving a space of a foot or more between them and the

ground. Some of the outside planks were imperfectly nailed, and, for that reason, for a short distance plaintiff was accustomed to walk upon the middle planks, which were more secure. On the night of December 4, 1881, while passing over the walk on his way to church, defendant stepped upon a plank, which unexpectedly to him broke, and his foot, passing through, was caught in the walk, causing plaintiff to fall backwards and to suffer severe and permanent bodily injury. The evidence tends to show that plaintiff was familiar with the walk and its general condition, and that he was accustomed to exercise care in passing over it, and that he was proceeding carefully at the time of the accident, and that he had no reason to apprehend that the plank through which he fell was likely to break as it did, or that he might not safely pass over the walk with the exercise of ordinary care. He might have left the sidewalk and travelled the street on that occasion, though the ground was rough and frozen, and unpleasant to walk over. It was not unreasonable, however, that the plaintiff should have chosen to take the sidewalk, in the confident expectation that, with his knowledge of its character, he might pass over it safely as usual. And it would appear from the evidence that he was not conscious of any danger.

While all the circumstances were proper for the jury to consider on this question, it was not so plain a case that any danger would result to plaintiff from passing over the walk with the care which the evidence shows he was accustomed to exercise, and did exercise at that time, as to warrant the court in saying, as matter of law, that he did not exercise ordinary prudence in venturing upon it, or that he was guilty of contributory negligence. *Evans* v. *City of Utica*, 69 N. Y. 166; *Mehan* v. *Syracuse, etc., R. Co.*, 73 N. Y. 585; *Estelle* v. *Village of Lake Crystal, supra.* And see *Kelly* v. *South Minn. Ry. Co., supra*, and cases cited.

The court properly submitted the case to the jury, and the order denying the new trial should be affirmed.