DAVID EVANS *vs.* ST. PAUL & SIOUX CITY RAILROAD COMPANY.

June 20, 1883.

**Railway—Evidence of Negligence in Maintaining Fences.—**Evidence considered sufficient to sustain a finding that a fence along the line of defendant's railroad was defective, and had been so for such length of time that defendant was chargeable with notice of its condition.

**Same—Question of Diligence for Jury.**—Whether an inspection of fences by a railroad company every two days is a sufficient exercise of diligence is a question of fact to be determined by a jury, with reference to the circumstances of the case.

**Misleading Charge to Jury—Duty of Counsel.**—When a court correctly instructs the jury, but in language which counsel deem to be liable to misconstruction, the attention of the court should be called to the fact that the particular language used is deemed to be objectionable.

**Land-Owner Adjacent to Railroad—Contributory Negligence.**—It is not conclusive evidence of contributory negligence for one to allow his domestic animals to run in his pasture adjoining a railroad, although he knew the dividing fence, which the railroad company was bound to maintain, to be defective.

Action brought in the district court for Blue Earth county to recover the value of colts killed on defendant's track by a passing train. Upon a trial before *Severance, J.*, and a jury, plaintiff had a verdict, and defendant appeals from an order refusing a new trial. The case is stated in the opinion.

*E. C. Palmer*, for appellant.

The court erred in refusing to charge as defendant requested. *Illinois C. R. Co.* v. *Swearingen*, 47 Ill. 206; *Wooley* v. *Fry*, 30 Ill. 158; *Toledo & W. Ry. Co.* v. *Daniels*, 21 Ind. 256; *Blackwell* v. *Foster*, 1 Met. (Ky.) 88; *Ewalt* v. *Harding*, 16 Md. 160; *Hill* v. *Hobart*, 16 Me. 164; *Phœnix Ins. Co.* v. *Allen*, 11 Mich. 501; *Robinson* v. *Grand Trunk Ry. Co.*, 32 Mich. 322; *Stephenson* v. *Grand Trunk Ry. Co.*, 34 Mich. 323; *Toledo, etc., Ry. Co.* v. *Eder*, 45 Mich. 329; *Sanderson* v. *Reinstadler*, 31 Mo. 483; *Cochran* v. *Toher*, 14 Minn. 293, (385;) *Washburn* v. *Winslow*, 16 Minn. 19, (33;) *Murray* v. *N. Y. C. R. Co.*, 4 Keyes, 274; *Hodge* v. *N. Y. C. & H. R. R. Co.*, 27 Hun, 394; *Goddard* v. *Chicago & N. W. Ry. Co.*, 54 Wis. 548.

The court erred in its charge as given. Gen. St. 1878, c. 34, § 54; *Robinson* v. *Grand Trunk Ry. Co.*, 32 Mich. 322; *Richardson* v. *Chicago & N. W. Ry. Co.*, 14 N. W. Rep. 176.

*W. L. Coon*, for respondent

DICKINSON, J. The plaintiff's colts escaped from his pasture adjoining the line of the defendant's railway, and were killed by a passing train, early on a Sunday morning in October. The railroad had

been fenced, but the evidence tended to show that a gate in the fence, between the pasture and the railroad, was in a defective condition prior to and at the time of the accident, so that it would spring open, and that, if animals should push against it with much force, it would fall. The evidence shows that the animals passed through this gate-way to the railroad track. There was evidence tending to show that, on Friday before the accident, the section laborers of the defendant examined the gate, and that it was then in a proper condition. We do not, however, deem this fact conclusively established; and from the nature of the defect, and from the testimony relating to its existence, we consider that the conclusion would have been warranted that the defect had continued for a considerable period of time, and that the defendant presumably had notice of it. We think the verdict is sustained by the evidence.

The court refused to instruct the jury, as requested by the defendant, that if they should find that the gate was broken between Friday morning, when it was examined by the section-men, and the following Sunday morning, when the accident happened, and the defendant or its agents had not actual notice or knowledge of the injury or condition of the fence, the defendant was not liable. The request was properly refused. The statute imposes upon railroad companies the duty of maintaining fences. This duty is imposed, not merely for the protection of the property of individuals along the lines of road, but also for the protection of passengers upon their trains. In view of the possible consequences resulting from defects in the fences, a high degree of vigilance is required on the part of those upon whom this duty rests. *Antisdel* v. *Chicago & N. W. Ry. Co.*, 26 Wis. 145. What conduct would fulfil the requirement of the law in this regard would depend, to some extent, upon the circumstances bearing upon the probability of the fences being thrown down or destroyed, and the consequences which might naturally ensue. Within proper limits, the question is rather one for the jury than the court. It could not be said, as a matter of law, that it was enough for the railroad company, whose section-men, perhaps, passed over its road once or more times daily, to observe the condition of its fences once every two days. As a matter of fact that might be deemed a high degree of

vigilance in some cases; it might properly be held to be negligence in others. The question was properly submitted to the jury.

The court charged the jury that "it was the duty of the defendant, in the exercise of ordinary care and diligence, to keep and maintain a good and *sufficient* fence on both sides of its track through plaintiff's farm, and *it was not necessarily contributory negligence in plaintiff to allow his colts to run in his fields, though he knew the fence was not sufficient;* but whether it was contributory negligence or not would depend upon all the circumstances of the case, and was a fact to be passed upon by the jury." It is now claimed that error was involved in those parts of the charge which we have distinguished by italics. The statute requires the construction and maintenance of "good and substantial fences." It seems clear, however, that the jury could not have been misled by the use of the word "sufficient." From the whole case it is apparent that the only question presented for the consideration of the jury, to which this part of the charge was applicable, related to the existence of defects which, if they existed, certainly made the fence unsubstantial, and not such as the statute requires. The language used by the court was not inappropriate to express the idea intended to be conveyed. The statute, in defining what shall be a legal fence for all purposes, uses the same word, "sufficient." Gen. St. 1878, c. 18, §§ 1, 2. If it was apprehended that the use of this word might mislead the jury, the attention of the court should have been called to the fact that the language was deemed objectionable. The general exception taken to the whole of the charge above recited did not do this. That there was no error in the other part of the charge has already been determined in *Holtz* v. *Minn. & St. Louis Ry. Co.*, 29 Minn. 384, and *Schubert* v. *Minn. & St. Louis Ry. Co.*, 27 Minn. 360.

Order affirmed.