MARY J. KELLOGG *vs*. VILLAGE OF JANESVILLE.

August 14, 1885.

Municipal Corporations—Liability for Defective Sidewalks.—Where
a municipal corporation is, by its charter, invested with plenary powers
for the construction, repair, and supervision of sidewalks, with author-
ity to levy special taxes for such purpose, and has the sole responsibil-
ity therefor, it is liable for its negligence in failing to keep in repair side-
walks which it assumes to maintain.

Same—Evidence of Notice to Village.—Where a portion of a sidewalk
is generally defective and in disrepair, evidence that it had remained so
for a considerable length of time previous to an accident caused by a de-
fect therein, may be received as bearing upon the question of the negli-
gence of the corporation in failing to ascertain and repair the particular
defect complained of.

Same—Rule as to Care of Sidewalks.—No inflexible rule governing the
conduct of municipal officers can be laid down in respect to the careful-
ness or frequency with which sidewalks should be inspected for the pur-
pose of ascertaining defects and making repairs, or as to the regulations
to be adopted in such cases.

Instruction to Jury.—It is not error for the court in its discretion to re-
fuse to instruct the jury to consider whether certain inferences may not
be drawn from any particular state of facts, the evidence being fairly be-
fore the jury for their consideration after argument by counsel.

Appeal by defendant from an order of the district court for Waseca
county, *Buckham, J.*, presiding, refusing a new trial.

*Lewis & Leslie*, for appellant.

*Collester Bros.* and *S. D. Crump*, for respondent.

VANDERBURGH, J. The plaintiff recovered a verdict for damages
against the village of Janesville for injuries resulting from a fall
caused by an alleged defective sidewalk. There is sufficient evidence
to support the findings, which are necessarily included in the ver-
dict, that the sidewalk was out of repair, and that the injury was the
result of defendant's negligence.

1. The defendant is liable in such cases under its charter. It is
true, the care and supervision of streets are not, in express words,
imposed upon the corporation; but it is constituted a municipal cor-

poration, and invested with plenary powers for the erection, repair, and supervision of sidewalks, with power to levy special taxes therefor, and is practically given the exclusive control thereof, and of the public streets in the village. See Sp. Laws 1877, c. 18. When, therefore, by virtue of its corporate authority, it has assumed to exercise such powers and to erect and maintain sidewalks, it is to be held liable for the consequences of its negligence. 2 Dillon, Mun. Corp. § 1017, (789,) sub. 2; Boone, Corp. § 303; *Dosdall* v. *County of Olmsted*, 30 Minn. 96.

2. Upon the trial the court allowed evidence to be received, against the objection of the defendant, of the condition of the sidewalk in question in the immediate vicinity of the place where the accident occurred. Where a particular piece of sidewalk is generally defective or in disrepair, evidence that it had remained so for a considerable length of time previous to an accident caused by a defect at a particular place therein, may be received as bearing upon the question of the negligence of the corporation in failing to ascertain and repair the defect therein which caused the accident. *Gude* v. *City of Mankato*, 30 Minn. 256; *McKenzie* v. *City of Northfield*, 30 Id. 456. The propriety of such evidence, and the latitude which may be properly allowed in its reception, must depend largely upon the particular circumstances of each case, and be measurably within the discretion of the trial court, which undoubtedly ought to be cautiously exercised. Clearly, in *McKenzie* v. *City of Northfield*, evidence tending to charge the defendant with negligence was not to be limited to the condition of the particular plank which broke and caused the injury. Performance of its duty by defendant, in respect to the defects of which it had constructive notice, would have led to knowledge and repair of the particular defect which caused the injury. Applying these principles to the case at bar, and we are unable to say that evidence of the condition of a portion of the same walk, to the extent actually received, was not permissible. The question does not arise as to the sufficiency of the evidence, for it is not all here, but as to its competency.

3. The accident happened in the edge of the evening. It was raining and freezing, and the sidewalk was slippery. Some of the de-

fendant's witnesses testify that on this account they elected to travel on the street rather than upon the sidewalk. The record disclosed no further evidence as to the relative safety of the street and side-walk. The defendant asked the court to charge the jury that "if the walks were so slippery that a person would be likely to fall, the jury should consider whether reasonable care and caution on plaintiff's part would not require her to avoid the walk and travel on the street." The instruction was proper enough for aught we see, but it was not an instruction which the court was bound to give. It involved no legal question. The court had properly instructed the jury on the question of contributory negligence, and the evidence was fairly left to them for their consideration on the question, after argument by counsel. The refusal of the court to instruct the jury to consider whether certain inferences should not be drawn in case a certain state of facts should be found, was not ground of exception. There was nothing to prevent their doing so, and no special reason why the court should emphasize its importance.

4. The defendant's third request, that inspection of the sidewalks once in two weeks by the street commissioner, followed by repairs found necessary by him, was reasonable diligence on the part of the defendant, was also properly refused. No inflexible rule could be laid down in such case. The conditions are liable to be so different in relation to different walks, or different portions of the same walk, and so many contingencies are likely to arise, that it can only be determined from the situation and circumstances of each case whether reasonable care has been exercised in the premises.

Order affirmed.