EVA CLAPP, (formerly MORSE,) Administratrix, *vs.* MINNEAPOLIS &
ST. LOUIS RAILWAY COMPANY.

October 6, 1886.

Master and Servant — Assumption of Risks — Defective Railroad
Switch.—Where an accident, caused by a broken switch-rail, resulted in
the derailment of an engine, and the death of the engineer in charge
thereof, and the evidence tended to show that the rail was too weak and
light to support the engine and rolling stock used on the road, *held*, that
the risk of such defects was not to be deemed to have been assumed by
the deceased unless it appeared that he had notice that the rail was un-
safe.

Evidence — Similar Accidents.—Proof of similar accidents at the same
switch under the same conditions, *held* admissible; following *Morse* v.
*Minn. & St. L. Ry. Co.*, 30 Minn. 465, (16 N. W. Rep. 358.)

Trial—Indefinite or Defective Charge—Remedy.—That the charge of
the court is indefinite, or omits material instructions, is not ground of
exception, where the attention of the court is not specifically invited to
the matter or special instructions asked.

Negligence—Action for Death—Damages.—In an action, for the benefit
of the widow and next of kin, for damages for injuries causing death,
and as having reference to the question of the reasonable expectation of
pecuniary benefit to them if the deceased had survived, it was not error
for the court to instruct the jury that they might consider his age, health,
capacity to earn money, and the injury to his business, as disclosed by the
evidence.

Plaintiff, as administratrix of her deceased husband, Henry L.
Morse, brought this action in the district court for Freeborn county, to
recover $5,000 damages for alleged negligence of defendant resulting
in the death of her intestate, who was a locomotive engineer in de-
fendant's service.   After the decision of the last of the former ap-
peals, (reported 30 Minn. 465, and 33 Minn. 22,) the action was a
third time tried before *Farmer*, J., and a jury, and plaintiff had a
verdict of $2,500.   A new trial was refused, and the defendant ap-
pealed.

*J. D. Springer*, for appellant.

*Wm. Ely Bramhall* and *J. H. Parker*, for respondent. ·

VANDERBURGH, J. The alleged cause of the accident which resulted in the death of plaintiff's intestate was a defective switch, and broken rail connected therewith. After the accident the rail in question was found broken and displaced. The jury found specially, upon sufficient evidence, that the rail was cracked the day before the accident occurred, and the evidence in plaintiff's behalf tended to show that the defendant had notice of its condition in time to have replaced it with a sound rail.

1. The court allowed the plaintiff to prove that engines had previously run off the track at the same place both before and after the time in question. But the evidence also tended to show that, when such accidents occurred, the switch was in substantially the same condition as in this instance as respects the particular defects complained of, except that it appeared, by the evidence of one witness, that the engine (observed by him) ran off the track because the switch was misplaced, so that the admission of his evidence proved to be error without prejudice. The remaining evidence received upon the same point was properly admissible under the rule laid down upon the former appeal herein. 30 Minn. 465, (16 N. W. Rep. 358.)

2. The question propounded to the witness Sargent in reference to the character and safety of the switch in question, in the condition in which it was shown to be, was proper. He was shown to be an expert, and competent to express an opinion on the subject.

3. The witness Guerin, also an expert, was permitted, against defendant's objection, to testify that the iron rail in question was too weak to support the engines and rolling stock used on the road. This is assigned for error, on the ground that it was immaterial and irrelevant, and that the deceased must be presumed to have assumed the risk of the insufficiency of the rail. It does not appear, however, that he knew of the defective condition or operation of the switch, or the liability of the rail to break, or the special danger from such cause likely to arise from running two engines, coupled together, over it. It was the duty of the defendant to use reasonable diligence to furnish a safe road-bed and instrumentalities for its employes, and we cannot assume that operatives who are not charged with any respon-

sibilities in reference to the condition of the road-bed and switches, assume the risk of particular defects, unless it appears that they are advised of the facts and dangers.    The evidence was relevant to the issues which embraced the sufficiency of the switch and rail in question.

4. As the court in its charge expressly confined the attention of the jury to the evidence tending to prove negligence on the part of the company in the particulars above referred to, it was not error to instruct them that, if they found from the evidence that the negligence of defendant caused the death of plaintiff's intestate, they ought to find for the plaintiff.    The attention of the court was particularly directed to the plaintiff's charge of negligence, and no suggestion of contributory negligence, if any there was, appears to have been made to the court by the defendant; so that, if this was intended to be the real point of defendant's objection to the charge, it was not fairly disclosed to the court.

5. The court also charged that, in determining the question of damages, the jury might take into consideration the age of Henry L. Morse when killed, the injury to his business, his capacity to earn money, his health, and general condition in life as they should find from the evidence before them.    The point of defendant's objection to these instructions, as made upon the argument, is that these were questions which might properly have been considered had Morse himself survived, and brought an action for personal injuries which disabled him, but were improper for the jury to consider in this action. These matters were, however, for the jury, in considering the reasonable expectation of pecuniary benefit which she might reasonably have been expected to receive in case he had survived, and her conquent loss and damage upon his decease.    We do not think the jury were in fact misled; but if the defendant deemed additional instruction as to the correct rule of damages important, or that the court should have been more explicit in its charge, counsel should have directed the attention of the court to the matter at the time.

We see no ground for a new trial, and the order denying it should be affirmed.