CHARLES McDEVITT v. CITY OF ST. PAUL.[1]

July 24, 1896.

Nos. 9927—(229).

**Municipal Corporation—Defective Sidewalk — Injury to Wife—Action by Husband.**

In this state a husband may maintain an action against a municipal corporation proper to recover consequential damages sustained by him in the loss of the services of his wife on account of injuries received by her by reason of a defective sidewalk, and also for the recovery of moneys expended by him for medical attendance.

Appeal by defendant from an order of the district court for Ramsey county, Charles D. Kerr, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $120.    Affirmed.

*E. J. Darragh* and *Robertson Howard*, for appellant.

*John H. Ives*, for respondent.

COLLINS, J.    The question here is whether a husband can maintain an action against a municipal corporation proper to recover consequential damages sustained by him in the loss of the services of his wife on account of injuries received by her by reason of a defective sidewalk, and also for the recovery of moneys expended by him for medical attendance.    The court below held that the action could be maintained.

It is contended by counsel for the corporation that in such cases the latter is accountable to the person directly injured, and to that person only.    In Kellogg v. Village of Janesville, 34 Minn. 132, 24 N. W. 359, it was held that the defendant, a municipal corporation, was liable in damages for injuries caused by a defective sidewalk, although no direct statutory liability had been cast upon such corporations, nor had the care and supervision of the walks and streets been imposed upon the defendant, in express terms, by its charter. The rule thus established in this state, as it has been elsewhere, is an exception to the well-settled doctrine, also recognized in this jurisdiction, that municipal corporations are not liable for either negli-

gent omissions or commissions in the performance of duties for which they receive no pecuniary benefit, but which are imposed upon them as mere governmental agencies. The liability fixed by the rule hitherto mentioned arises by implication. As it is settled that the liability exists, without express statute, and that municipal corporations proper are impliedly liable for acts of negligence in respect to keeping sidewalks in repair, the liability is in fact the same as that existing at common law, and the rights and remedies in case of injury must be as full and complete as at common law, which always gave to the husband an action for consequential damages in case injuries were inflicted upon his wife.

Counsel for the corporation have called special attention to Chidsey v. Town of Canton, 17 Conn. 475; Reed v. Inhabitants of Belfast, 20 Me. 246; Harwood v. City of Lowell, 4 Cush. 310; and Roberts v. City of Detroit, 102 Mich. 64, 60 N. W. 450. These cases are not in point, for in Connecticut, Maine, Massachusetts, and Michigan the right to maintain an action against a municipal corporation for damages resulting from defective sidewalks and public ways rests solely upon statutes, which, in express terms, give a right which otherwise would not exist in those states. The cases above referred to simply construe those statutes. If the right to maintain actions for the recovery of damages in cases of this character was recognized as existing in Massachusetts independently of an express statute, as it is in this state, what view would be taken of the precise question now before us is clearly indicated in Osgood v. Lynn & B. R. Co., 130 Mass. 492.

It is further contended that, from the wording of Sp. Laws 1885, c. 7, § 19,[2] it is apparent that the right of action was not intended to be given for consequential damage. There is nothing in the language used in this section—which provides for the giving of notice "that the person injured" will claim damages—which supports this contention. As to the object in requiring notice to be given, and the proper construction to be placed upon the section itself, see Nichols v. City of Minneapolis, 30 Minn. 545, 16 N. W. 410; Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350.

The order appealed from is affirmed.

[2] Municipal Code of St. Paul, § 631.