PETER LYONS v. CITY OF RED WING.

April 19, 1899.

Nos. 11,546—(98).

### Municipal Corporation—Notice of Personal Injury—Laws 1897, c. 248.

Precise and absolute certainty is not required in the description of the place where a party is injured in his notice to the council of a municipal corporation required by Laws 1897, c. 248. The notice is sufficient in this respect if the place of the accident is so described therein that the proper municipal officers may, by reasonable diligence, identify it. *Held*, that the notice in this case was sufficient.

### Same—Service of Notice.

Method of serving such notice on the council indicated, and *held* that where, as in this case, the notice is presented to, and left with, the clerk having charge of the records and files of the council, at a meeting thereof, and is by him then presented and read to the council, the notice is properly served on, and presented to, the council.

### Same—Sidewalk—Evidence of Condition—Notice to City.

In an action for an injury caused by a particular defect in a sidewalk, evidence that the walk at or near the place was generally in bad condition is competent, as tending to prove notice to the city of the particular defect.

### Physician—Record of Injury—Cross-Examination of Witness.

The surgeon who attended the plaintiff's injuries testified that he made no particular record of the case. He did not give it as his opinion that the injuries were serious. *Held*, that it was not error to sustain an objection to the question on cross-examination whether he did not always keep a record of cases of a serious character.

### Trial of an Issue by Consent.

Rule that where parties have, by consent, tried an issue not made by the pleadings, they are bound by the result, followed.

### Charge to Jury Indefinite—Request for Specific Instruction.

Where an instruction to the jury is indefinite, the giving of it is not ground for exception. The remedy is to ask for a further and more specific instruction.

### Defective Sidewalk—Duty of Traveler Having Knowledge of Defect.

The mere fact that a person knows that a sidewalk is in a defective and

dangerous condition does not, as a matter of law, impose upon him the duty of abandoning the use of the street, or else using it at its peril. He is bound in such a case to use ordinary care, and no higher degree of care; that is, he is bound to use reasonable care, in view of all the circumstances of the case, including his previous knowledge of the condition of the walk.

Action in the district court for Goodhue county to recover $1,000, damages for personal injury. The case was tried before Crosby, J., and a jury, which rendered a verdict in favor of plaintiff for $90. From an order denying a motion for a new trial, defendant appealed. Affirmed.

J. C. McClure, for appellant.

F. M. Wilson, for respondent.

START, C. J.

Action to recover damages for a personal injury sustained by the plaintiff by a defective sidewalk of the defendant city. Verdict for the plaintiff for $90, and the defendant appealed from an order denying its motion for a new trial.

1. The defendant's assignments of error 1, 2, 3, 4, 5, 6 and 11 may be considered together, as they relate to the sufficiency and service of the notice of the plaintiff's injury, and his claim for compensation therefor, as required by Laws 1897, c. 248. If the notice and claim were sufficient in substance, and were properly served or presented to the city council, all of the assignments of error now under consideration are without merit.

That a notice in writing of the plaintiff's injuries, and his claim for compensation therefor, was presented to the city council within 30 days next after his injury, and considered by the council, is admitted. The only objection made to the notice is that it is too indefinite as to the description of the place where the injury was received. The object of the statute in requiring that the notice should state the place where the injury occurred is to furnish the municipal officers with such definite information as will enable them intelligently to investigate the facts as to the alleged injury. But precise and absolute certainty is not required. The notice is sufficient in this respect if the place of the accident is so described therein that the proper municipal officer may, by reasonable dili-

gence, identify it.   Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350;  Elliott, Roads & S. 475;  Tuttle v. Town, 50 Conn. 496; Spellman v. Inhabitants, 131 Mass. 443.   The notice in question, after stating that the plaintiff was injured while walking along the sidewalk on the west side of South Park street, in the city of Red Wing, and describing the cause, nature and extent of the injury, concludes with these words:

"That the place of my said accident was about seventy-three feet north of the fence on the north line of the property of John Woodcock, adjoining said South Park street."

The notice is sufficient, for it identifies the place of the accident with substantial certainty.

The defendant further claims that the notice and claim were not legally served on, or presented to, the city council.   The statute requires that the injured party, as a condition precedent to the bringing of an action, shall, within 30 days after his injury, give notice thereof and present his claim for compensation to the city council or other governing body of the municipality.   Laws 1897, c. 248;  Bausher v. City of St. Paul, 72 Minn. 539, 75 N. W. 745; Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029.   How the notice and claim shall be given and presented to such governing body the statute does not direct.   There is, however, no practical difficulty in giving to the council the required notice.   It must be done in an orderly and practical way.   It would be unseemly to invade the council chamber, and interrupt the proceedings of the council, by attempting to serve the notice upon the members thereof or upon the presiding officer.   It is sufficient if the notice and claim reach the council or governing body of the municipal corporation in due time, although it passes through the hands of others.   Elliott, Roads & S. 476.   If the council is not in session when the notice is served, it may be directed to the council, and left with the clerk or other officer who has charge of the records and files of the council, with a request annexed that it be laid before the council at its next meeting.   This, or some similar method, is the only practical way of serving the notice on the council in cases where it is not in session during the 30 days within which the notice must be given.

If the notice is to be presented to the council when it is in session, the orderly course of procedure is to deliver it to the clerk or other officer having charge of the records of the council for its consideration.

In this case the evidence tends to show that the plaintiff delivered the notice to the clerk for the council at a meeting thereof, and that the clerk presented and read it.to the council, and the matter was referred to the committee on claims. Such was the undisputed evidence, except the recollection of the clerk was that the notice was given to him prior to the meeting of the council. The discrepancy is immaterial.

2. The plaintiff testified that where the accident happened the sidewalk was in a defective condition. He was then asked this question: "What was the condition of the walks along this place, —along this South Park street?" The question was objected to, and objection overruled. The ruling is the basis of the sixth assignment of error. The evidence sought to be elicited by the question was competent and material, as tending to show notice on the part of the city of the particular defect causing the injury. Gude v. City of Mankato, 30 Minn. 256, 15 N. W. 175; Kellogg v. Village of Janesville, 34 Minn. 132, 24 N. W. 359. The specific objection now urged to the question is that it included the walks on both sides of the street. A reading of the question, in connection with the testimony of the plaintiff which immediately preceded the question, answers the objection. The question related to the condition of the walk "along this place"; that is, in the vicinity of the accident.

3. The surgeon who attended to the plaintiff's injuries testified that he made no particular note or record of the case, and was asked, on cross-examination, if he did not always keep a record of what he did in cases of a serious character. An objection to the question was sustained, and the ruling is assigned as the seventh error. It was correct, for the witness had not expressed any opinion to the effect that the plaintiff's injuries were of a serious character, and the amount of the verdict indicates that the jury did not so regard them.

4. The trial court denied the defendant's motion to dismiss the

action, and also its request to instruct the jury to return a verdict for the defendant. The correctness of these rulings is raised by the eighth and thirteenth assignments of error. Two reasons only are urged in support of the assignments. The first is that the evidence did not show that the notice and claim required by the statute had been given and presented to the council. We have already disposed of this objection. The second objection is that the plaintiff's alleged contributory negligence is admitted by a failure to reply.

The complaint alleged that the plaintiff was carefully passing along the sidewalk in question, and was injured by the defect therein. The answer alleges that, if the plaintiff was injured, the injury was occasioned by his negligence in using, and walking along and upon, the sidewalk. Both of these allegations cannot be in fact true, and it would seem that the question of the plaintiff's contributory negligence was in issue without a reply. However this may be, it was so treated on the trial, and the parties voluntarily litigated the question without objection, and at the close of the evidence the defendant presented special requests for instructions to the jury on the issue. The case falls within the rule that where parties have, by consent, tried issues not made by the pleadings, they are bound by the result. Erickson v. Fisher, 51 Minn. 300, 53 N. W. 638; Bassett v. Haren, 61 Minn. 346, 63 N. W. 713.

5. The remaining assignments of error relate to the charge of the court and its refusal of certain of the defendant's special requests. The trial court instructed the jury to the effect that cities are not insurers of the safety of their streets, but that it was their duty to use reasonable care and diligence to keep them in a safe condition, and then said:

"If they did that, they performed their whole duty; if they omitted to do it, they are guilty of negligence, and would be responsible for all damages—the injuries—*that occurred by reason of that negligence.*"

The defendant excepted to that portion of the charge which is in italics.

The defendant claims that the court, by the clause excepted to, excluded from the consideration of the jury the question of the

contributory negligence of the plaintiff. The instruction seems to have been an abstract proposition, and the objectionable clause used as a limitation of the extent of the damage. But if it be conceded that the instruction was indefinite, and liable to mislead the jury, for the reason suggested by counsel, still it was not ground for exception; for, if such were the case, the attention of the trial court should have been called to the specific objection, and an instruction asked as to the effect of the plaintiff's contributory negligence. Evans v. St. Paul & S. C. R. Co., 30 Minn. 489, 16 N. W. 271; Holm v. Sandberg, 32 Minn. 427, 21 N. W. 416; Clapp v. Minneapolis & St. L. Ry. Co., 36 Minn. 6, 29 N. W. 340. The defendant requested the court to instruct the jury:

"First. If the jury find that the plaintiff, at the time of the alleged accident, knew that the sidewalk, at the place of the accident, was in a dangerous and defective condition, and voluntarily walked along it, when he could have easily avoided doing so, he took the chances of injury; and if any injury happened to him on account of such dangerous and defective condition of the walk, he cannot recover damages therefor from the defendant.

"Second. If the plaintiff knew that the sidewalk was in a defective or dangerous condition, it was his duty, in passing over it, to use more than ordinary care and caution to avoid injury; and, if he failed to do so, he was guilty of contributory negligence, and he cannot recover damages for any injury he may have sustained by reason of such defective walk."

The refusal of the court to give these requests is assigned as error. Neither of the requests was an accurate statement of the law, and both were correctly refused. The mere fact that the plaintiff knew that the walk was in a defective and dangerous condition did not, as a matter of law, impose upon him the duty of abandoning the use of the street, or else of using it at his peril, unless his act in so doing was not reasonably prudent. Jones, Neg. Mun. Corp. § 221; Kelly v. Southern Minn. Ry. Co., 28 Minn. 98, 9 N. W. 588; McKenzie v. City of Northfield, 30 Minn. 456, 16 N. W. 264. The second request imposed a higher degree of care upon the plaintiff than the law required of him; that is, more than ordinary care. He was bound to exercise only ordinary care; that is, reasonable care, in view of all of the circumstances of the case,

including his previous knowledge of the condition of the sidewalk; for the term "ordinary" or "reasonable" care is relative. What would be ordinary care in one case might be negligence in another. We discover no errors in the record.

Order affirmed.