# PETER BOLSTAD v. ARMOUR & COMPANY and Another.[1]

December 26, 1913.

Nos. 18,359—(165).

**Complaint sufficient.**

1. The complaint in a personal injury action alleged that defendants negligently drove against plaintiff, also that at the time the relation of master and servant existed between defendants, the servant being in charge of the rig. *Held* to state a cause of action against the master.

**Questions for jury — verdict sustained by evidence.**

2. Defendants' negligence and plaintiff's contributory negligence were for the jury and their verdict, approved by the court, is fairly supported by the evidence. It is not based on demonstrably false testimony, nor is it excessive.

**Refusal to charge jury.**

3. It was not error to refuse to give requested instructions as to right of recovery in case certain conduct of the parties was found, the court having given the jury the correct definition whereby to determine whether such conduct constituted negligence, and having stated the effect of negligence upon the verdict.

**Same — right of pedestrian in street.**

4. An instruction suggesting that a pedestrian has not the right to walk on any part of a street except the sidewalks and the crosswalks at the intersection of streets, was properly refused.

Action in the district court for Ramsey county against Armour & Co. and Samuel Carlson to recover $15,000 for personal injuries. The case was tried before Dickson, J., who at the close of the testimony denied the separate motions of defendants for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $2,500. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

[1] Reported in 144 N. W. 462.

*Wilson, Mercer, Swan & Stinchfield,* for appellants.
*Samuel A. Anderson* and *Henry M. Benson,* for respondent.

HOLT, J.

In the forenoon of February 25, 1911, plaintiff was walking west on Ninth street in St. Paul towards Wabasha street, intending to take a street car for Minneapolis. He was on the southerly side of the street and when within about 30 feet of Wabasha street, hearing the car coming around the corner of Eighth street, he stepped off the sidewalk and walked diagonally across to the corner on the north side of Ninth street where the car stops. He walked fast. When more than half way across he stopped to avoid colliding with a rig coming rapidly from the east, and at that moment a horse and buggy of defendant Armour & Co. in charge of its servant defendant Carlson was, according to plaintiff's claim, driven negligently against him, violently throwing him down, and causing a fracture of the hip and two ribs. Carlson's version is this: As he was driving easterly on Ninth street at a slow trot, when crossing Wabasha street, he noticed plaintiff 20 feet ahead; the latter passed Carlson's path but, apparently confused by the swiftly approaching rig from the east, stepped suddenly back several feet, bumping against the neck of the horse or the front part of the thill of defendants' rig, causing him to fall. In addition to the general allegation that defendants negligently drove upon and against plaintiff, it was specifically alleged that the rig was driven on the wrong side of the street, at a reckless speed, and without keeping a proper lookout. A verdict of $2,500 was awarded plaintiff, and defendants appeal from the order denying their alternative motion for judgment or a new trial.

Defendant Armour & Co. contends that the complaint fails to state a cause of action against it, because it does not allege that Carlson was engaged in his master's business at the moment of the collision; hence judgment should now be ordered in its favor, since during the entire trial this point was preserved by proper objections and motions. The position is not well taken. The complaint avers that at the time of the injury Carlson was in the employ of Armour & Co. as a driver and in the immediate charge of the rig; also that defendants negli-

gently drove the rig against plaintiff. Acts done by a servant within the scope of his duties and in furtherance of the master's business are deemed the acts of the master and may be pleaded as such. All the negligent acts are charged against both defendants. The complaint stated a good cause of action against Armour & Co., therefore it was not prejudiced by the court's refusal to hear its demurrer filed, but not served, while the action was improperly in the Federal court.

The jury found that the collision was due to defendants' negligence and failed to find any contributory negligence in plaintiff. It is not for us to determine the facts, or weigh the credibility of the witnesses or say that plaintiff's witnesses falsified and did not see the accident. It took place on the border of a street usually congested with travel. It was one of these unexpected occurrences which does not attract the attention of all observers at the same moment or from the same view-point, and is over in a second or two. Therefore it is not surprising that witnesses will disagree as to many of the details. This is not one of the cases where either the verdict or the testimony supporting it may be said to be demonstrably wrong. On the contrary the evidence fairly supports the verdict. Even if the fracture of the thigh of a person 72 years old may be readily accounted for by an ordinary fall on a pavement, it is difficult to see how the ribs could be fractured if the collision took place as stated by defendants' witnesses, considering that plaintiff was heavily clothed, wearing a fur overcoat.

We cannot disturb the verdict as excessive. The injuries were severe and painful. After the lapse of two years plaintiff was unable to walk without crutches. The fracture being close to the joint has resulted in a false joint and a misplaced position of the leg, besides shortening it considerably.

Error is assigned upon the refusal to give certain requested instructions. The vice in the second, eighth and ninth of these is that the court therein is asked to state to the jury that certain specified acts of the parties under certain conditions would prevent a recovery; whereas the proper instructions were to define negligence and contributory negligence, and let the jury determine whether the acts of

the parties in the situation disclosed by the evidence came within the definitions. This the court did accurately and repeatedly. The tenth request was properly refused, for a part thereof was to the effect that if the jury found the left wheels of defendants' rig to have been to the left of the center of the street, but the horse and thill which struck plaintiff were to the right of the center, there could be no recovery on account of the alleged negligence in driving on the wrong side of the street. The negligence of defendants and contributory negligence of plaintiff in the use of the street could not be ascertained by a foot rule. The court fully instructed the jury as to the application of the law of the road to the parties, and no exception was then, or is now, taken thereto.

The propriety of refusing the following instruction may not be entirely free from doubt: "If you find that the plaintiff himself was crossing a public street where vehicles were passing at a point other than at the sidewalk crossing, that would be a circumstance to take into consideration as to whether or not he, himself, was not conducting himself in a negligent manner at the time. The crossings are made with the intention that they will be used by pedestrians and the intervening streets for teams primarily. A speed for a team on a crossing might be negligence which would not be negligence away from the crossing, and crossing in front or between horses in the middle of the block might be negligence when it would not be negligence on the crossing." It is not improper to direct the attention of the jury to the testimony and surrounding circumstances bearing upon the different issues of the case, but, where the evidence is direct, not involving any legal presumptions, and its application to the issues is not difficult, the court is not required to call attention to particular facts and their probative effect. "It is not error for the court in its discretion to refuse to instruct the jury to consider whether certain inferences may not be drawn from any particular state of facts, the evidence being fairly before the jury for their consideration after argument by counsel." Kellogg v. Village of Janesville, 34 Minn. 132, 24 N. W. 359. The instruction set out suggests an inference of negligence if a pedestrian crosses a street at any other place than the intersecting street crossings and

states as law that vehicles have rights superior to one on foot in the street outside of the crossings and sidewalks. Such does not appear to be the law, in the absence of legislation on the subject. In Stallman v. Shea, 99 Minn. 422, 109 N. W. 824, the court states that "the relative rights of pedestrians and vehicles in a public highway are equal and reciprocal—one has no more rights than the other, and each is obliged to act with due regard to the movements of others entitled to be upon the street. Neither is called upon to anticipate negligence on the part of the other." Section 1086, 2 Elliott, Roads & Streets (3d ed.), thus states the rule: "The fact that a footman undertakes to cross a street at a place other than a regular crossing for footmen will not, of itself, defeat an action against a horseman who negligently injures him by recklessly riding or driving against him."

The following cases confirm the view that, in the absence of statutory prohibition, a pedestrian has the right to walk upon any part of a street or highway. Of course, he must use the care which the ordinary prudent person would use in the same place and under the same conditions. Moebus v. Herrman, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. 440; Shapleigh v. Wyman, 134 Mass. 118; Diamond v. Cowles, 174 Fed. 571, 98 C. C. A. 417. In Stringer v. Frost, 116 Ind. 477, 19 N. E. 331, 2 L.R.A. 614, 9 Am. St. 875, the following pertinent language is used: "The plaintiff had the right to cross the street at the crosswalk or elsewhere, exercising such caution and prudence as the circumstances demanded to avoid being injured, while the defendant had the right to ride along the street, observing such watchfulness for footmen, and having his animal under such control, as would enable him to avoid injury to others who had corresponding and reciprocal rights in the street." This was virtually the instruction given by the trial court. See also Belton v. Baxter, 58 N. Y. 411; Simons v. Gaynor, 89 Ind. 165, and Vesper v. Lavender, (Tex. Civ. App.) 149 S. W. 377.

Order affirmed.