## CHRISTINE ELLINGSON, Respondent, v. CITY OF LEEDS, Appellant.

(169 N. W. 85.)

**City — private building — used as postoffice — steps erected on public sidewalk leading up to — ice and snow accumulated thereon — person slipping and falling — injuries sustained — action against city for damages — city not liable.**

A city is not liable for damages sustained by falling on steps erected on a public sidewalk as a part of an entrance to a private building, which is used

---

NOTE.—The question of liability of municipality for permitting an accumulation of ice and snow on sidewalk is discussed in notes in 21 L.R.A. 263, and 20 L.R.A. (N.S.) 656.

as a postoffice, even though such steps may be out of repair and in a dangerous and defective condition, and even though ice and snow may have accumulated thereon and such steps occupy a portion of the sidewalk.

Opinion filed September 7, 1918.

Action for personal injuries.

Appeal from the District Court of Benson County, Honorable *C. W. Buttz,* Judge.

Judgment for plaintiff. Defendant appeals.

Reversed.

*Victor Wardrope* and *L. L. Butterwick,* for appellant.

A municipal corporation is not required to provide steps or other means by which the streets or sidewalks may be entered from private property. Goodwin v. Des Moines, 7 N. W. 411; Fitzgerald v. Berlin, 24 N. W. 870; Smith v. Wendell, 7 Cush. 498, 13 L.R.A.(N.S.) 1240; James v. Wellston Twp. 13 L.R.A.(N.S.) 1219.

"And a town is not liable for damages from a defective road leading from a highway over private land, to a mill." Stricker v. Reedsburg, 101 Wis. 457, 77 N. W. 897; Abbott, Mun. Corp. p. 2307; 3 Abbott, Mun. Corp. pp. 2219, 2220; Elam v. Mt. Sterling, 20 L.R.A. (N.S.) p. 617; Wolf v. District of Columbia, 69 L.R.A. 83; Dubois v. Kingston, 102 N. Y. 209; Robert v. Powell, 168 N. Y. 411; Tiesler v. Norwich, 47 Atl. 161.

The existence of such objects as steps partly on the sidewalk leading to the entrance to private property is lawful. Dubois v. Kingston, 102 N. Y. 219, 55 Am. Rep. 804, 6 N. E. 273; Dougherty v. Horseheads, 159 N. Y. 154, 53 N. E. 799.

The accident here resulted from the plaintiff slipping when she stepped on the loose snow on the lower step, but she deliberately went out of her way in stepping where this loose snow was accumulated. Sess. Laws 1915, chap. 70, p. 83; notes in 21 L.R.A. 263 and 20 L.R.A.(N.S.) 656.

A fact cannot be regarded as proved where the evidence merely gives rise to conjecture or supposition of its existence. 17 Cyc. 754 and cases cited.

Slight unevenness or a slope of a sidewalk presents no question of negligence on the part of the municipality, and there is question for

the jury. Harnet v. New York, 127 N. Y. Supp. 295; Snider v. Superior, 149 Wis. 671, 132 N. W. 541; Kawiecka v. Superior, 20 L.R.A.(N.S.) 633, 118 N. W. 192; Lexington v. Cooper, 43 L.R.A. (N.S.) 1158 and note; Richmond v. Shonberger, 29 L.R.A.(N.S.) 180; Davidson v. New York, 133 App. Div. 352, 117 N. Y. Supp. 185; Breckman v. Covington, 143 Ky. 444, 136 S. W. 865; Schall v. New York, 88 App. Div. 64, 84 N. Y. Supp. 737; Cook v. Milwaukee, 27 Wis. 1991; Richmond v. Courtney, 29 L.R.A. 182; Bigelow v. Kalamazoo, 97 Mich. 121, 56 N. W. 339; Weisse v. Detroit, 15 Mich. 482, 29 L.R.A.(N.S.) 183, 63 N. W. 423; Waggoner v. Point Pleasant, 42 W. Va. 798, 26 S. E. 352; Kleiner v. Madison, 104 Wis. 339, 80 N. W. 453; Beltz v. Yonkers, 148 N. Y. 67, 42 N. E. 401, 19 N. D. 542; Braatz v. Fargo, 19 N. D. 544; Beltz v. Yonkers, 148 N. Y. 67, 42 N. E. 401.

"Travelers upon streets must use all reasonable care and caution to avoid danger; they cannot carelessly run into danger and then make others pay for their negligence." Moeller v. Rugby, 30 N. D. 438; Lerner v. Philadelphia, 21 L.R.A.(N.S.) 614.

It is elementary that a traveler upon a public street is bound to use ordinary care, and what constitutes ordinary care and prudence depends upon the circumstances of each particular case. Lerner v. Philadelphia, 21 L.R.A.(N.S.) 632; Gerdes v. Christopher & S. Architectural Iron & Foundry Co. 25 S. W. 557; Henderson v. Burke, 44 S. W. 422; Conneaut 44 N. E. 236; Durkin v. Troy, 61 Barb. 437; Sickles v. Philadelphia, 58 Atl. 128.

Municipalities when liable at all are only liable when the defects in the sidewalk or other street improvements are the cause of the accumulation of snow and ice. Elam v. Mt. Sterling, 20 L.R.A.(N.S.) 662, note; Circleville v. Sohn, 20 Ohio C. C. 68; Bailey v. Cambridge, 54 N. E. 523; Wesley v. Detroit, 117 Mich. 658, 76 N. W. 104; Stamberger v. Cleveland, 22 Ohio C. C. 65; DePere v. Hibbard, 104 Wis. 666.

*Flynn & Traynor,* for respondent.

The steps here leading up to the entrance of the postoffice formed an integral part of the street. They were placed upon the traveled portion of the sidewalk, and although placed there by private parties they were so erected by and with the tacit consent of the city and its

40 N. D.—27.

authorities, and the city was responsible for their condition. Chambers v. Minneapolis, S. & S. S. M. Ry. Co. 163 N. W. 824; Estelle v. Crystal Lake (Minn.) 6 N. W. 775.

Evidence of knowledge of plaintiff of the dangerous condition of a sidewalk, while it may point to contributory negligence, yet it is a question for the jury, and the general rule in this state is that cities are liable for the damages caused by their own wrongful or negligent act, and no statute making them liable is necessary. Ludlow v. Fargo, 3 N. D. 485; Gagnier v. Fargo, 11 N. D. 77; 28 Cyc. 1371.

Where the plan of construction of sidewalks or steps leading to a public place from the sidewalk was manifestly unsafe, the city was held liable. 28 Cyc. 1387, 1388.

"Where a city had notice that a raised sidewalk ended abruptly several feet from the ground, and that the public used a loose plank as a means of descent, it was bound to see that such means was safe, and was liable to one injured by a fall from the plank, though it had not put the plank in place, and had not undertaken to furnish any means of descent." Hogan v. Chicago (Ill.) 48 N. E. 210; Senheim v. Evansville (Ind.) 40 N. E. 69; James v. Portage (Wis.) 5 N. W. 31, 34, 35; Johnson v. Milwaukee, 46 Wis. 568; Joliet v. Fuchs, 132 Ill. 407; Schively v. Jenkintown (Pa.) 36 Atl. 754; Kellogg v. Northampton, 8 Gray, 504; Jackson v. Grand Forks, 24 N. D. 601.

BRUCE, Ch. J.: This is an action to recover damages for injuries occasioned by falling on the steps in front of the postoffice at Leeds, North Dakota. The city of Leeds has a population of at least 800. The postoffice is situated on the south side of the principal street of the city. The floor of the postoffice building is approximately 20 inches above the level of the sidewalk, and the building is reached from the sidewalk by means of two cement steps placed on the sidewalk and directly in front of the door. The postoffice building is owned by private parties. The accident is alleged to have occurred "on account of the dangerous condition of the steps, due to steepness and narrowness, and further on account of the accumulation of snow and ice *thereon,* making them slippery, thereby increasing the danger whereby the plaintiff, though personally in the exercise of the greatest care, partially lost her balance because of the slipping of her boot

or her foot thereon. The general narrow, steep, and slippery condition of the entire steps and approach thereto were such that her foot slipped as she placed it upon the lower step, which had a great amount of ice and snow thereon, and the plaintiff was suddenly and violently thrown to the sidewalk."

At the beginning of the trial the defendant's counsel objected "to the introduction of any testimony on the part of the plaintiff, on the grounds and for the reasons that the complaint in this case, and also the opening statement of counsel to the jury, show that the accident complained of occurred while the plaintiff in this case was using certain steps placed upon the sidewalk for the purpose of going in and returning from the postoffice in the city of Leeds, which is a private building, owned and controlled by private persons; and on the further ground that the city of Leeds is not shown or alleged to have placed the steps on which the injury occurred on said sidewalk, or to have been responsible for keeping them in repair, and it not being shown or alleged that they were placed on this said sidewalk with the consent of the said city, and it appearing from the allegations of the complaint and from the statement of counsel for plaintiff that plaintiff was injured, if injured at all, while using steps placed upon the sidewalk by a private individual for the purpose of going to and from the postoffice, and that she was not injured while using the sidewalk in the city of Leeds for the purposes of a sidewalk, and that the city of Leeds is not liable for any injury sustained by the plaintiff, if any there was."

This objection was overruled and this overruling is assigned as error. Another assignment of error is based on the instruction of the court to the effect that:

"The legislature of this state has passed a law which reads as follows:

" 'All municipalities in the state of North Dakota (and that would include cities) shall be absolutely exempt from all liability to any person for damages for injuries suffered or sustained by reason of the accumulation of snow and ice upon sidewalks within such municipality, unless actual knowledge of the defective, unsafe, or dangerous condition of such sidewalk or cross walk shall have been possessed by the mayor, board of city commissioners, police officer, or marshal of

such municipality, forty-eight hours previous to such damage or injury, and such actual knowledge shall in no case be presumed from the fact of the existence of such condition, but in all cases the same shall be proved as an independent fact. In no event shall any municipality in this state be liable in damages for any injury occasioned through the mere slippery condition of such sidewalk or cross walk due to the presence of frost or loose snow thereon.'

"You will notice, however, that in addition to her claim with reference to the accumulation of snow and ice upon these steps or sidewalk, the plaintiff has claimed that the steps themselves were dangerous and defective in construction, and that that brought about the injury.

"Now I say to you in this lawsuit the great question you have to deal with is whether or not the steps in themselves were so defective as to be dangerous for ordinary use by pedestrians under the conditions we have here in this climate during the various seasons of the year. Was the city negligent in this respect? Did it fail to use ordinary care to provide *a reasonably safe passageway or steps at this* particular place or in seeing that these particular steps were reasonably safe for the use of the public? Was there such a defective condition in the steps themselves or in their construction which existed and which may have contributed to the injury or the accident?

"When two causes combine to produce an injury to a traveler upon a walk, or upon steps like these, both of which are direct, the one being a defect for which the city is blamable and the other some occurrence for which neither party is responsible, the city is liable, provided that the injury would not have happened but for such defect. There is claimed an icy or snowy condition of these steps at the time of the accident caused by changes in the weather and fall of snow or moisture. The defendant is not liable for that condition; for were iciness or slipperiness produced by natural causes the city is not responsible. Yet, if such condition concurs with a previous defect for which the city is responsible, which defect caused the injury, or assisted in causing it, the city is liable in damages."

These assignments of error entirely cover the case and their decision will be conclusive. We are satisfied that no cause of action was stated or proved against the defendant. The accident did not occur upon the sidewalk, nor was it occasioned by an obstruction to the sidewalk, but

by the slippery condition, and perhaps defective condition, of steps which were erected by a private individual onto a private building, which was used by the United States as a postoffice.

We find no cases in the books where a city has been held liable for a defective entrance to a private building or for an injury occasioned on a defective private sidewalk. If the steps had gone down into the basement of the building, and not upwards to the level of the postoffice floor, no one would have contended that the city would have been liable if a person had fallen upon the lower steps, nor would they contend that the city would have been liable if he had fallen on the upper one and before reaching the sidewalk. There can be no difference between such a case and one where the steps arise above the sidewalk. If a person traveling along the sidewalk had fallen against the protruding steps on a dark night and the action had been maintained on the theory that a portion of the sidewalk had been obstructed, a recovery might possibly have been had, but here the injury was occasioned not while traveling upon and passing along the sidewalk, but while entering into a private building and upon a portion of that private building. It is clear, indeed, that if there had been no steps there would have been no way of entering the building from the sidewalk, and, though the public is required to keep its sidewalks in reasonably safe condition and repair, it is not required to construct a stairway or steps which shall lead into private buildings, nor is it required to keep the same in a safe and proper condition.

What duty, in short, did the city violate and what breach of duty on its part was there which occasioned the injury? For authorities supporting our conclusion, see Goodwin v. Des Moines, 55 Iowa, 67, 7 N. W. 411; Fitzgerald v. Berlin, 64 Wis. 203, 24 N. W. 879; Smith v. Wendell, 7 Cush. 498; James v. Wellston Twp. 18 Okla. 56, 13 L.R.A.(N.S.) 1219, 1240, 1241, 90 Pac. 100, 11 Ann. Cas. 938; Stricker v. Reedsburg, 101 Wis. 457, 77 N. W. 897, 5 Am. Neg. Rep. 515.

We are not unaware of the case of Estelle v. Lake Crystal, 27 Minn. 243, 6 N. W. 775. In that case, however, the accident did not occur while entering or leaving the building from the platform which was placed upon the sidewalk and extended past the building, but while

falling off the platform itself, which was a part of and took the place of the sidewalk, and was placed in the street to be used as a part of it.

The judgment of the District Court is reversed and the complaint is ordered to be dismissed.

GRACE, J. I concur in the result.