ANDREW E. HOLM *vs.* JOHN SANDBERG.

November 25, 1884.

**Note in Satisfaction of Debt of Another — Consideration—Statute of Frauds.**—The satisfaction of the indebtedness of a third person to the payee is a sufficient consideration for a promissory note. The contract evidenced by such note is original, and not collateral, and therefore not within the statute of frauds.

**Same—Evidence.**—The testimony in this case examined, and *held* to furnish evidence of a consideration (by such satisfaction) for the note in suit.

**Charge of Court—Remedy for Ambiguity.**—Where an instruction to a jury is correct, in a legitimate sense of the language used by the court, the mere obscurity or ambiguity of such language in any particular is a defect which should be specifically pointed out to the trial court; otherwise it is waived, unless there is reason for supposing that the jury has been actually and prejudicially misled.

Action upon a promissory note by the payee against the maker, brought in the district court for Hennepin county. The action was tried before *Young,* J., and a jury, and plaintiff had a verdict. The defendant appeals from an order refusing a new trial.

*Ueland, Shores & Holt,* for appellant.

The court charged the jury that the note was given upon a sufficient consideration. This was error. *Cook* v. *Bradley,* 7 Conn. 57; *Mills* v. *Wyman,* 3 Pick. 207; *Smith* v. *Ware,* 13 John. 257; *Ingraham* v. *Gilbert,* 20 Barb. 151; 1 Parsons on Contracts, 434. There was no express agreement on the part of plaintiff to release Mrs. Sandberg from the debt, or to extend the time of payment as to her, and if such engagement might reasonably be inferred from the evidence, it was for the jury, and not for the court, to infer it.

*J. D. Cottrell* and *W. S. Cilley,* for respondent.

BERRY, J.[1] Want of consideration is the principal defence to the note in suit. Plaintiff advanced to the woman who subsequently became the wife of defendant (Sandberg) $90, the price of her passage

[1] Mitchell, J., not having heard the argument, took no part in this decision.

ticket from the old country, and, after her marriage to him, Sandberg gave his note for the price of the ticket. If plaintiff took the note in satisfaction of Mrs. Sandberg's indebtedness to him, the satisfaction was a "harm" to plaintiff furnishing a consideration for the note, and the contract evidenced by the note would be not collateral, but original, and therefore not within the statute of frauds. *Yale* v. *Edgerton*, 14 Minn. 144, (194.)

1. The testimony of plaintiff, which does not appear to be disputed, was that the "note was given for that ticket;" that Sandberg and his wife and himself being together, and she having stated to her husband that plaintiff was the man who bought her ticket, Sandberg said, "I was in a bad fix; I can't pay that;" upon which plaintiff said, "Well, I didn't care; I just came down to see if you would like to give a note for it; that is good enough;" to which Sandberg responded, "Yes," and thereupon executed the note in suit. In our opinion this was evidence from which the jury might well find that the note was taken in satisfaction and discharge of Mrs. Sandberg's indebtedness. It is not essential that a satisfaction and discharge of that kind be express or formal. It is sufficient if it can fairly be implied to have been understood and intended by the parties. To us it appears that such understanding and intention are not only fairly to be implied from the evidence above stated, but that any other implication would be unnatural and unreasonable. The plaintiff comes for his money, and, in Mrs. Sandberg's presence, he proposes to defendant, who appears not to have had money on hand with which to pay it, to take his note "*for it,*" saying that will be "good enough." The natural meaning of this is that he will take defendant's note in lieu of Mrs. Sandberg's indebtedness, and that *that* is *all* that he wants for it—it will *satisfy* him. To this all three appear to have acceded.

2. In instructing the jury, the trial judge said that, as he understood the testimony, "the plaintiff advanced money for the lady, who is now Mr. Sandberg's wife, to come over from the old country, and after she married the defendant he gave his note for the amount that was due for that ticket," adding: "*If that is true, the court holds that to be a good consideration sufficient to support the note, so that the note*

*stands valid before you, so far as the original consideration is concerned."* Defendant's counsel excepted to that which we have italicized.

The court's statement of the evidence was somewhat ambiguous and obscure in one respect. It might mean that the note was given *for, i. e.,* in satisfaction of, the amount of Mrs. Sandberg's indebtedness, or that the note was given for $90, the price of the ticket. The former meaning would accord with what appears to us to be the natural effect of the testimony, and, for reasons already assigned, the instructions italicized would, in that meaning, be entirely correct. In the other meaning mentioned, the instruction would have been wrong. But no exception was taken to the court's statement of the testimony, nor was there any suggestion that it was imperfect or defective. The instruction being correct, in a legitimate sense of the language of the court, the mere obscurity or ambiguity of such language in any particular was a defect which should have been specifically pointed out to the trial court; otherwise it is waived, unless there is reason for supposing that the jury has actually and prejudicially been misled, as there is not in this instance. *Farnham v. Thompson, ante,* p. 22; *Evans* v. *St. Paul & S. C. R. Co.,* 30 Minn. 489.

Order affirmed.