*In re* ELEANORA HUMMEL'S ESTATE.

Argued Nov. 7, 1893.   Affirmed Nov. 27, 1893.

No. 8351.

Verdict supported by the evidence.

*Held*, that the evidence produced upon the trial of this cause reasonably tended to support the verdict.

Appeal by Charles A. Passavant, Executor of the Will of Eleanora Hummel, deceased, from an order of the District Court of Ramsey County, *Wm. Louis Kelly*, J., made May 6, 1893, denying his motion for a new trial.

On September 1, 1874, John E. Haggenmiller loaned to Joseph Hummel $300 and took his note for the amount, due six months thereafter.   Joseph Hummel died intestate December 11, 1874, owing this debt and leaving his widow Eleanora Hummel him surviving, but leaving no parent, child or kindred.   He owned forty acres of land situated in Washington County worth $1,200 which descended to his widow.   1866 G. S. ch. 46, § 1, subd. 9.   She sent for Haggenmiller and he visited her.   She administered the estate of her husband.   Haggenmiller did not present his note for allowance as a claim against it.   By the decree of distribution the forty acres of land was assigned to the widow.   She thereafter paid interest on the note on several occasions down to March 1, 1888, and the payments were indorsed in her presence upon the note.   She told several of her neighbors that she was owing Haggenmiller. He held no other claim against her to which these statements could have referred.

In 1892, the widow died testate.   Her will was proved and Charles A. Passavant received letters testamentary.   Haggenmiller presented his claim in the Probate Court for allowance against her estate.   He claimed that he was sent for by her soon after the death of Joseph Hummel and that he then agreed with the widow that he would not present his note for allowance against the estate of her deceased husband and she in consideration thereof agreed with him to pay the note, that he performed on his part and she paid

interest on the note down to March 1, 1888. He asked that his claim for $300 and interest from that date be allowed. The claim was disallowed and he appealed to the District Court. Pleadings were there framed under the direction of that Court, pursuant to Laws 1889, ch. 46, § 260. The issues thus framed were tried before a jury January 11, 1893. Haggenmiller was incompetent, under 1878 G. S. ch. 73, § 8, to give evidence of or concerning any conversation with or admission of the deceased widow and he submitted his case upon the facts above stated. The jury returned a verdict in his favor and assessed his damages at $402.25.

The executor made a case containing all the evidence and it was settled, signed and filed. On it and the record he moved for a new trial, on the ground that the evidence was insufficient to support the verdict. The motion was denied and he appeals. The discussion here was upon the evidence.

*F. F. Wilde*, for appellant.

*B. H. Schriber*, for respondent.

COLLINS, J. The real question in this case is whether the verdict was supported by the evidence. This verdict necessarily involved the finding that a certain promise to pay money to respondent, Haggenmiller, was actually made by Mrs. Hummel, now deceased, shortly after the death of her husband, Joseph. It also involved an inquiry as to whether such promise, if made, as alleged by Haggenmiller, was a new and original one, supported by a sufficient consideration, or collateral merely to the promise to pay made by Mr. Hummel in his lifetime, and evidenced by the note held by Haggenmiller when Hummel died. It was claimed by the former that immediately after the death of Mr. Hummel the widow sent for him, and then, in consideration of his agreement not to present the note as a claim against the estate of the deceased, made a new and original promise, whereby she took the debt upon herself, and agreed to pay the amount of the same. Haggenmiller, relying upon the promise, did not present or file a claim against the estate, which, in value, was more than sufficient to pay the note; and in due course of administration the widow succeeded to the ownership of the entire property as the sole heir at law. The respondent abandoned the only method open to him to collect the amount

of his claim out of the estate of Joseph Hummel, thus virtually discharging and satisfying the note. It is obvious that if a promise was made by Mrs. Hummel under such circumstances, there was ample consideration to support it.

We have examined with care the evidence upon which the verdict was rendered, and agree with counsel that it was somewhat meager and unsatisfactory. But it must be remembered that the alleged agreement was of many years' standing, and that the testimony of Mr. Haggenmiller was unavailable on the trial. Mrs. Hummel, who is said to have made the promise, had died, and Haggenmiller's testimony as to what was agreed upon between the parties was excluded under the statute. Necessarily, the testimony would lack clearness and certainty, but if, on the whole, it agreed with and supported the hypothesis which it was adduced to prove, it was sufficient. It was not disputed that when Hummel died, in 1874, Haggenmiller held his note, not yet due, for $300, and that out of his estate this amount could easily have been collected; that his widow was the heir at law, and duly acquired all of the property as such heir; that she sent for Haggenmiller immediately, stating that there was a note or debt which she must settle; that an interview took place, and that Haggenmiller never presented his claim against the estate; that afterwards Mrs. Hummel repeatedly acknowledged herself indebted to Haggenmiller, and up to a short time prior to her decease made regular payments to him as for interest upon the sum of $300. She paid interest upon this amount for at least 14 years. These were acts and circumstances which, as charged by the court below, the jury had the right to consider when deliberating on the case. They reasonably tend to support the contention that a new and original promise was made, as asserted by respondent, and to sustain the verdict in his favor.

Order affirmed.

(Opinion published 56 N. W. Rep. 1064.)