## THE MARCKEL COMPANY v. ELIZABETH RAVEN AND ANOTHER.[1]

May 6, 1932.

No. 28,899.

[1]Reported in 242 N. W. 471.

*Wilson & Wilson* and *Byron R. Wilson,* for appellant.

*Frankberg, Berghuis & Frankberg,* and *M. J. Daly, Jr.* for respondent.

DIBELL, J.

Action to recover of the defendant Elizabeth Raven upon her verbal promise to pay the purchase price of a heating plant sold by the plaintiff to one M. B. Purdy, her son-in-law, and installed in a house which she had sold him. There was a verdict for $479.42 for the plaintiff. The defendant appeals from the judgment. She claims that her promise to pay, if one was made, was within the statute of frauds as a promise to answer for the debt of another.

The statute of frauds, G. S. 1923 (2 Mason, 1927) § 8456, provides:

"No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith:

* * * * * *

"2. Every special promise to answer for the debt, default, or doings of another."

A promise to pay the existing debt of another, which promise arises out of a new transaction and for which there is a fresh consideration, is an original undertaking and is not within the statute of frauds. Grant v. Wolf, 34 Minn. 32, 24 N. W. 289; Holm v. Sandberg, 32 Minn. 427, 21 N. W. 416; In re Hummel's Estate, 55 Minn. 315, 56 N. W. 1064.

The defendant Mrs. Raven owned a dwelling house in Perham. She sold it on a contract of sale to her son-in-law, M. B. Purdy, and he and his wife resided therein. Purdy contracted with the plaintiff for a heating plant to be installed in the house at a price agreed upon. The installation was made. Later Dr. and Mrs. Purdy moved to Chicago. Mrs. Purdy returned, and an auction sale was being arranged prior to her rejoining her husband in Chicago. The plaintiff insisted upon the payment of the debt. It threatened to institute proceedings in garnishment or perhaps to retake the property. Mrs. Purdy was ill and nervous, and Mrs. Raven did not want her annoyed by a proceeding to recover the debt. She besought the plaintiff to desist from taking action. She said that she was likely to sell the property, and the heating plant would give her a better opportunity to sell. She promised that she would pay the debt if the plaintiff would desist. It accepted her offer, relied upon her promise, and took no further action. These facts are either undisputed or such as the jury might find. Mrs. Raven claims that she told the plaintiff that if she sold the property and got more than enough to pay what was due her upon her contract with her son-in-law she would pay for the heating plant to the extent of the excess; but the jury did not accept her version.

The promise as found by the jury was a direct promise upon a sufficient and fresh consideration. It was a direct and not a collateral undertaking. At the time Mrs. Raven made the promise she was not owing the plaintiff. The debt was owing by her son-in-law. The plaintiff had the right to proceed to collect the debt and was in the way of doing so. If Mrs. Raven chose to promise to pay it, as

the jury found that she did, to avoid legal proceedings on plaintiff's part, her promise was direct and upon sufficient consideration and not a collateral undertaking to pay the debt of Purdy within the meaning of the statute. The findings of the jury upon the vital question are sustained.

■ The defendant claims misconduct of counsel in stating in his argument to the jury:

"If there is any doubt in the minds of any of you jurymen when you get into your jury box as to what kind of a man Mr. Marckel is you can ask George Douglas."

Douglas was a member of the jury. The remark was improper and subject to criticism and is rightly characterized as misconduct. When called to its attention the court admonished the jury to disregard it. Aside from this the trial was entirely fair. When the court properly admonishes the jury, as it did here, and is of the opinion that no prejudicial result follows, the denial of a new trial will usually be held discretionary and the misconduct not to require a new trial. 6 Dunnell, Minn. Dig. (2 ed.) § 9800. This is the situation here, and the denial of a new trial was not error.

There is nothing in the claim of newly discovered evidence requiring mention.

Judgment affirmed.