KRUEGER *v.* CAMPBELL.

1. VENDOR AND PURCHASER—ASSIGNMENT MUST BE IN WRITING—VENDEE NOT RELEASED BY ASSIGNMENT.

When vendee disposes of his interest in land contract he must make assignment thereof in writing to purchaser, but he is not relieved from liability thereby unless release be made by vendor.

2. SAME—ASSIGNMENTS—ENFORCEMENT OF ASSUMPTION OF DEBT.

Agreement by assignee of vendee's interest in land contract to assume and pay amount unpaid on contract may be enforced by vendee.

3. SAME—FORECLOSURE—PARTIES—SUBROGATION—DEFICIENCY DECREE.

In proceeding to foreclose land contract, assignee may be joined as party defendant, his undertaking will be held to inure to benefit of vendor, and, under doctrine of subrogation, and to avoid multiplicity of suits, decree may also be had against him for recovery of any deficiency resulting from sale of property.

4. SAME—ASSIGNMENT FOR SECURITY ONLY—VENDEE'S RIGHT TO RE-
   ASSIGNMENT.

   Where assignment of vendee's interest in land contract is made
   for security only, even if it be on its face unconditional,
   vendee still retains equitable interest in contract, and, on satis-
   faction of obligation secured thereby, he is entitled to re-
   assignment thereof.

5. SAME—NO ASSUMPTION OF DEBT WHERE ASSIGNMENT IS FOR
   SECURITY ONLY.

   Where assignment of vendee's interest in land contract is made
   for security only, there is no assumption of contract debt by
   assignee, and therefore neglect to erase provision therefor in
   printed form of assignment creates no personal liability on his
   part.

6. SAME—ASSIGNMENTS—SUBROGATION.

   Right of vendor to be subrogated to that of vendee is dependent
   upon liability of assignee to vendee, and if there is no such
   liability, there is none to inure to benefit of vendor.

7. SAME—FORECLOSURE—REFUSAL TO REASSIGN—DEFICIENCY DECREE.

   That assignee of vendee's interest in land contract, given as
   security only, refused to reassign to vendee without receiving
   payment of its debt, before commencement of foreclosure pro-
   ceedings, *held*, not to render assignee liable for deficiency
   decree.

Appeal from Wayne; Sample (George W.), J.,
presiding. Submitted June 9, 1933. (Docket No. 81,
Calendar No. 37,141.) Decided October 2, 1933.

Bill by Frank A. Krueger and others against
Claude F. Campbell and another, vendees, and High-
land Park State Bank, vendees' assignee, to fore-
close a land contract and for a deficiency. Defend-
ant bank appeals from deficiency decree against it.
Reversed.

*Schulte & Pare*, for plaintiffs.

*Anderson, Wilcox, Lacy & Lawson* (*C. J. Hud-
dleston*, of counsel), for defendant bank.

SHARPE, J.  The question here presented is whether, under an assignment of a land contract to a bank, made as an additional security for indebtedness then owing it, in which a blank form was used and which contained the usual assumption of, and agreement to pay the amount due thereon, the assignee may be held liable for a deficiency arising upon a sale of the property under a foreclosure proceeding in equity.  There was dispute as to whether the assumption provision had been erased before execution of the assignment.  The trial court found that it had not, and held that the assignee was liable under it for the deficiency.

The vendee in a land contract is personally liable to the vendor for such part of the purchase price as remains unpaid.  Payment may be enforced in an action at law, or by a personal decree for deficiency upon a sale of the property in a foreclosure proceeding.  When a vendee disposes of his contract interest, he must make an assignment thereof in writing to the purchaser.  He is not relieved from liability thereby unless release be made by the vendor.  To protect himself as far as possible, a provision is usually inserted in the assignment under which the purchaser as assignee assumes and agrees to pay the amount unpaid upon the contract.  This agreement may be enforced by the vendee.

"As between the assignor and the assignee, the latter becomes the principal debtor and the former a surety."  *Barnard* v. *Huff,* 252 Mich. 258, 264 (77 A. L. R. 259).

In a proceeding to foreclose the contract, the assignee may be joined as a party defendant.  His undertaking will be held to inure to the benefit of the vendor, and, under the doctrine of subrogation, and to avoid a multiplicity of suits, decree may also

be had against him for the recovery of any deficiency resulting from the sale of the property.

But when an assignment is made for security only, even if it be, on its face, unconditional, the vendee still retains an equitable interest in the contract, and, on satisfaction of the obligation secured thereby, he is entitled to a reassignment thereof. In such a case there is no assumption of the contract debt by the assignee, and the neglect to erase the provision therefor in the printed form of the assignment creates no personal liability on his part. He does not thereby become "the principal debtor" and the assignor "a surety." The right of the vendor to be subrogated to that of the vendee is dependent upon the liability of the assignee to the vendee. The vendee in this case would certainly have no legal claim against the assignee if he was compelled to pay a deficiency, and if no such liability exists there is no obligation to inure to the benefit of the vendor.

It appears that, when foreclosure was threatened, the plaintiffs, as vendors, offered to release the vendee from personal liability if he would surrender his contract, and that he stated to the officials of the assignee that the property would not sell for more than the amount due thereon and requested its reassignment to him and that the assignee refused to do so. This fact is stressed as indicating that the assignee claimed to be the owner of the contract.

It is undisputed that the assignment was made as additional security to the vendee's indebtedness to the bank. Soon after it was executed and delivered, the bank advanced to the vendee the further sum of $2,000, with which he made payment to the vendors on the contract. As assignee it surely had the right to retain its interest under the assignment in the hope that it might thereby realize some payment

on the indebtedness of the vendee to it out of the proceeds of the sale of the property.

The decree entered, in so far as it adjudges the defendant bank to be liable for any deficiency arising upon a sale of the premises, is reversed and set aside, with costs to it, and one may be here entered eliminating such provision.

McDonald, C. J., and Potter, North, Fead, Wiest, and Butzel, JJ., concurred. Clark, J., did not sit.