F. E. ROLFSMEYER v. G. G. RAU AND ANOTHER.[1]

October 30, 1936.

No. 30,947.

[1]Reported in 269 N. W. 411.

214

*Carl J. Eastvold* and *Lewis E. Jones,* for appellant.

*J. J. Purcell,* for respondent.

HILTON, JUSTICE.

Action to recover of the defendant Bertha Rau, appellant here, upon her verbal promise to pay the balance due upon a note given by her husband, G. G. Rau, to plaintiff and also to recover against the husband on the note.

Sometime prior to July 1, 1930, the defendant G. G. Rau gave the plaintiff his promissory note for $1,500 in return for a loan of that amount. Twenty-five to thirty promissory notes of strangers to this action, secured by conditional sale contracts, payable to G. G. Rau, and of the face value of between $2,500 and $3,000, were pledged as security. On or about November 1, 1932, the appellant obtained these notes from the plaintiff, at which time plaintiff and appellant, so plaintiff testified, had the following conversation:

"She asked me if she could have these notes which I held as security; that she was going to go out collecting money for me. She thought that she was able to get some money. She said, 'Gottlieb always thinks you can collect nothing nowadays, but I think if I got it I can collect money.' * * *

"I says, 'I can't let you have my security, Mrs. Rau, unless you sign the note, the $1,500 note.' * * *

"She said, 'Not just now, but I will return these notes to you in around 90 days or pay the balance on the $1,500 note.' * * *

"I says, 'If you will do that'—on that promise I trusted her my notes."

Plaintiff further testified that appellant did not return the notes within the 90 days or make any offer to do so. This action then was brought. The jury returned a verdict for plaintiff against both defendants. In so doing it must have believed the testimony of the plaintiff. We are bound to assume that it did. This is an appeal from an order denying appellant's alternative motion for judgment notwithstanding the verdict or for a new trial.

In light of the testimony of plaintiff it appears that appellant first made an offer to take the notes and attempt to collect on them for the plaintiff, which offer the latter was willing to accept provided the appellant would sign the $1,500 note. This appellant refused to do and in place thereof made a counter offer that she would take the notes and either return them in 90 days "or pay the balance on the $1,500 note." This offer was accepted by plaintiff and constitutes the contract here sued upon.

The entire agreement was verbal. For that reason it is claimed that it is unenforceable as being within the statute of frauds. 2 Mason Minn. St. 1927, § 8456, provides:

"No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith: * * *.

"2. Every special promise to answer for the debt, default, or doings of another."

The statute does not prevent the maintaining of an action upon a verbal promise to pay the preëxisting debt of another when the promise is an original undertaking, arising out of a new and separate transaction for which "fresh consideration" was given: The Marckel Co. v. Raven, 186 Minn. 125, 242 N. W. 471; Grant v. Wolf, 34 Minn. 32, 24 N. W. 289. The question here then is: Did the appellant, for a "fresh consideration," enter into an original undertaking with plaintiff, or was her promise collateral to the original debt?

Whether such a promise is original or collateral is one of intent, Davis v. Patrick, 141 U. S. 479, 12 S. Ct. 58, 35 L. ed. 826; 8 Minn.

L. Rev. 628, and is to be determined from all the circumstances of the parties and from the language used. Lusk v. Throop, 189 Ill. 127, 59 N. E. 529. The relationship of appellant to the original debtor (that of husband and wife), coupled with the unequivocal express statement of appellant that she would either return the notes in 90 days "or pay the balance on the $1,500," justified the jury in finding an intention on part of the appellant to enter into an original undertaking.

Where the leading purpose of the promise is not to become a surety but to subserve some personal interest, or to effect an object of the promisor, independent of the existing debt, the promise is an original and not a collateral undertaking even though it incidentally guarantees the debt of another. Crane v. Wheeler, 48 Minn. 207, 80 N. W. 1033; Davis v. Patrick, 141 U. S. 479, 12 S. Ct. 58, 35 L. ed. 826. Because of the relationship of the original debt to the promisor, plaintiff was warranted in believing that appellant made the promise as a primary one. It was reasonable for plaintiff to suppose that appellant had a beneficial interest in the notes, representing an amount of money equal almost to twice that of the original debt, and therefore was desirous of having them delivered to her. To that extent she would have been subserving her own interests in making the promise. Whether there was any foundation in plaintiff's assumption is immaterial, for "a promise cannot be held within the statute when the creditor was justified in supposing it a primary promise." 2 Williston, Contracts (Rev. ed. Williston and Thompson) p. 1371, § 476.

The consideration given appellant for her verbal promise was large. It was not that small consideration ordinarily given merely for assuming the risk of the original debtor not paying. It was rather such consideration that would warrant a finding that appellant gave her unconditional promise to pay the original debt upon her failure to return the notes within the time stipulated, whether any demand was first made on the original debtor or not. It is obvious that plaintiff would not have given that consideration merely for a new promise on the old debt. He already had one promise to pay it and was entitled to an entirely new debt because the con-

sideration he gave justified it. Verbal promises made to pay the preëxisting debt of another under such circumstances are not within the statute, Williston, Contracts (Williston and Thompson, Rev. ed.) p. 1364, § 473; see Restatement, Contracts, § 184; Fullam v. Adams, 37 Vt. 391, 402, for as stated in the last cited case:

"It is scarcely reasonable to suppose one would part with a consideration belonging wholly to himself [which was true here to the extent of the original debt], where the value was equal to the amount of a debt due him from another, even to obtain the promise of a third person to pay it."

Criticism is made of certain portions of the court's charge to the jury and also of improper remarks made by counsel for plaintiff in his closing argument. The court's instructions, when considered as a whole, were such that the jury could not have been misled in any way. Then, too, the court clearly and specifically pointed out "that there was no evidence that would justify" the conclusions intimated by the improper remarks to which objection was made and sustained.

Affirmed.

