JoAnne C. **MIDTAUNE**, Appellant,

v.

Wayne **BURNS**, et al., Respondents,

**State Bank of Hendricks, Respondent.**

**No. C2–88–1555.**

Court of Appeals of Minnesota.

Jan. 10, 1989.

Review Denied March 29, 1989.

Donovan D. Larson, Brooklyn Park, for JoAnne C. Midtaune.

Wayne Burns, Fresno, Cal. pro se.

Michael W. Cable, Ivanhoe, for State Bank of Hendricks.

Considered and decided by HUSPENI, P.J., and KALITOWSKI, and BOWEN,* JJ., without oral argument.

## OPINION

KALITOWSKI, Judge.

Appeal arises from a judgment denying appellant's motion for: 1) specific performance of a contract for deed; 2) an order to set aside the court's prior order dated October 8, 1987, granting summary judgment; 3) summary judgment against respondent Bank in favor of appellant; or 4) in the alternative, partial summary judgment or an order requiring respondent Bank to continue to participate as a party in litigation and, dismissing with prejudice appellant's cause of action. We affirm the trial court's denial of appellant's motion.

## FACTS

On May 1, 1980, Wayne and Audrey Burns (vendees) entered into a contract for deed with the administrator of the estate of Arnold Midtaune for the purchase of a lot in Hendricks, Minnesota. The purchase price was $48,000, with $5,000 down on May 1, 1980, and the remainder to be paid at $300 per month, including interest at 8% per annum beginning June 1, 1980, until May 1, 1985, at which time the remaining principal balance plus accrued interest was due and payable in full.

On November 25, 1983, after probate of Arnold's estate, appellant, JoAnn C. Midtaune, as surviving spouse, obtained the vendor's interest in the subject property.

On September 19, 1984, vendees entered into a loan agreement with respondent, State Bank of Hendricks (Bank). Various security documents were obtained from the vendees including an assignment of their interest in the subject contract for deed.

The assignment contained a recital that the conveyance to the Bank was for the

consideration of $53,587.61 to them in hand paid. The printed assignment form included a clause following the inserted description of the subject property stating the sale or conveyance is: "subject to all the covenants of said assignor in said contract contained, which said party of the second part hereby assumes and agrees to keep and perform." This clause was not erased or otherwise deleted. The assignment also had language in the printed form stating the assignor "Hereby covenants that there remains unpaid under said contract the sum of (_____) Dollars with interest thereon from (_____) day of (_____), 19(__)." The appropriate figures were not inserted.

There is no dispute that the documents were executed for security purposes and that the vendees continued to occupy the premises and conduct business on the subject property. The vendees continued to pay appellant monies after the assignment was given the Bank. At no time has the Bank taken possession of the property, paid any monies to appellant or exhibited any evidence of ownership or involvement with the subject property.

Appellant filed a complaint against the vendees and the Bank because of the vendees' default of payment on the contract. Appellant demanded judgment against the vendees and the Bank, jointly and severally, in the sum of $46,455.74, together with interest on the principal balance of $42,136.80 at the rate of 8% per annum from and after January 1, 1987.

The vendees, in their answer dated February 10, 1987, but never filed, admit being in default. They also admit the assignment of their interest in the contract for deed was for security purposes.

The trial court denied appellant's: 1) motion for specific performance of the contract for deed; 2) motion for an order to set aside the trial court's prior order granting summary judgment dated October 8, 1987; and 3) motion for summary judgment against the Bank in favor of appellant or in the alternative for an order of the court to

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

require the Bank to continue to participate as a party in the litigation. The trial court dismissed appellant's cause of action against the Bank with prejudice and directed that judgment be entered in favor of the Bank. Appeal followed.

## ISSUE

Is the assignee of a vendee of a contract for deed personally liable for the obligations owing to the contract vendor when the assignment was for security purposes and the assumption clause in the printed form used by the parties was not deleted?

## ANALYSIS

In response to a motion for summary judgment, judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law. Minn.R.Civ. P. 56.03.

Upon appeal from summary judgment, the function of this court is to determine whether there are genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Summary judgment is an appropriate procedure to "relieve the court system of the burden and expense of unfounded litigation." *Cook v. Connolly*, 366 N.W.2d 287, 292 (Minn.1985) (citing *Sauter v. Sauter*, 244 Minn. 482, 70 N.W. 2d 351, 353 (1955)).

Appellant sued for specific performance of a contract for deed against respondent Bank, the assignee of the purchasers' interest in the contract. The Bank argues it did not assume the contract debt because the contract for deed assignment was for security purposes. Appellant contends the Bank became the primary debtor by executing the assignment on a form containing an assumption clause.

The trial court correctly concluded the provisions of the security agreement cannot be construed as creating liability because it contains nothing equivalent to the usual assumption clause, no specific language to the effect the Bank assumed liability for the purchase price or agreed to pay it. Moreover, the language used cannot properly be construed as requiring the Bank to do anything. It is given the right to carry out the provisions of the contract at its own cost, but there is an absence of anything in the nature of an agreement on the Bank's part to perform the obligations which the contract for deed imposed on the assignor.

The Bank's vice president and loan officer's affidavit stated: 1) the assignment was given for security purposes; 2) at no time did the Bank occupy the premises; 3) the Bank was not involved in the operation of the hardware business; 4) at no time did the Bank make any payments under the contract for deed to appellant; and 5) all payments made to appellant after assignment were made by the vendees.

The Minnesota Supreme Court has stated:

> An assignment of an executory contract does not create a personal liability on the part of the assignee to perform the provisions of the contract to be performed by the assignor unless there is a provision to that effect.

*Pelser v. Gingold*, 214 Minn. 281, 288, 8 N.W.2d 36, 40 (1943).

An assignment by the vendee of a contract for the purchase of real estate creates a privity of estate between the assignee and the original vendor, but not a privity of contract. *Meyer v. Droegemueller*, 165 Minn. 245, 246, 206 N.W. 391, 392 (1925). The assignment does not relieve the original vendee from his contractual obligations to the vendor, nor impose upon the assignee any personal liability for the unpaid purchase price unless he assumed and agreed to pay it. *Id.*

Appellant argues language contained in the assignment agreement personally obligates the Bank to perform the original terms of the contract for deed. We disagree and instead adopt the holding of the Michigan Court of Appeals:

[W]hen an assignment is made for security only, even if it be, on its face, unconditional, the vendee still retains an equitable interest in the contract, and on satisfaction of the obligation secured thereby, he is entitled to a reassignment thereof. In such a case there is no assumption of the contract debt by the assignee, and the neglect to erase the provision therefore in the printed form of the assignment creates no personal liability on his part. He does not thereby become 'the principal debtor' and the assignor 'a surety.'

*General Electric Co. v. Levine,* 50 Mich. App. 733, 736, 213 N.W.2d 811, 814 (Mich. Ct.App.1973) (citing *Krueger v. Campbell,* 264 Mich. 449, 452, 250 N.W. 285, 286 (1933)).

### DECISION

Under these facts the trial court did not err in finding respondent Bank did not assume the contract debt where the assignment of the vendees' interest in a contract for deed was for security purposes only.

AFFIRMED.