**GOODHUE STATE BANK, Respondent,**

v.

**Allan G. LUHMAN, Defendant,**

**Mildred Luhman and Mildred Luhman, as personal representative of the Estate of H. Raymond Luhman, deceased, Appellant.**

No. C6–92–493.

Court of Appeals of Minnesota.

Oct. 6, 1992.

Review Denied Dec. 15, 1992.

Kevin F. Mark, Holst, Vogel, Erdmann & Vogel, Red Wing, for appellant.

Michael B. Braman, Daniel B. Johnson, Meyer & Njus, P.A., Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and KALITOWSKI and KLAPHAKE, JJ.

## OPINION

RANDALL, Judge.

Appellant challenges the sufficiency of evidence for a verdict finding there was a valid assignment of hers and her husband's vendors' interest in a contract for deed on 160 acres of farmland. Appellant also claims the assignment agreement is void for failure to comply with the statute of frauds. We affirm on both issues.

## FACTS

Appellant Mildred Luhman and her husband H. Raymond Luhman (now deceased) sold 160 acres of farmland to their son, Allan Luhman (Luhman), and his wife on a contract for deed for $120,000. Luhman had a line of credit in his own name at respondent Goodhue State Bank for farming operations from 1976 through 1987. Respondent asked Luhman for additional collateral to support his increasing farm line. Luhman and his wife assigned their vendees' interest in the contract for deed to respondent on June 1, 1981. It was recorded on June 17. Pursuant to respondent's request, appellant and her husband assigned their vendors' interest in that same contract for deed to respondent on June 3. The bank wanted the assignment of the sellers as additional collateral to support Luhman's line of credit. At the time of the assignment, the property was valued at $240,000, and the balance owing on the contract for deed by Luhman was $111,000. Luhman's line of credit was $126,039.44, and by the time of trial the line had increased to $211,782.68.

Luhman went bankrupt in 1987. The contract for deed was canceled and the property went back to appellant. Respondent settled with Luhman for part of its claims. The assignment of appellant's vendor's interest was now recorded by the bank on April 18, 1988. Respondent brought a foreclosure action against appellant, individually and as personal representative of her husband's estate. A jury found by special verdict that appellant and her husband had assigned their entire vendors' interest. Judgment was entered for respondent granting a decree of fore-

closure, subject to appellant's right of redemption. Appellant claims, 1) there is insufficient evidence to show she and her husband intended to assign their entire vendors' interest in the property as collateral for Luhman's line of credit; 2) the assignment was void for failure to satisfy the statute of frauds.

## ISSUES

1. Was there sufficient evidence to support the jury's finding that appellant and her husband had assigned to respondent all their vendors' interest in the contract for deed as collateral for their son's debt?

2. Was the assignment void for failure to comply with the statute of frauds?

## ANALYSIS

### I.

*Sufficiency of Evidence*

■ Upon review, a jury's answers to a special verdict form will be upheld unless they are palpably contrary to the evidence. *Wirig v. Kinney Shoe Corp.*, 461 N.W.2d 374, 381 (Minn.1990). The answers will not be set aside unless the evidence is so clear that reasonable people could not differ. *Hauenstein v. Loctite Corp.*, 347 N.W.2d 272, 275 (Minn.1984); *Karnes v. Milo Beauty & Barber Supply Co., Inc.*, 441 N.W.2d 565, 567 (Minn.App.1989), *pet. for rev. denied* (Minn. Aug. 15, 1989). The evidence must be reviewed in the light most favorable to the verdict. *Karnes*, 441 N.W.2d at 567.

■ The assignment agreement stated that appellant and her husband assigned their vendors' interest to respondent. There is no specific language carving out anything less than their entire interest, both their lien upon the unpaid portion of their son's interest and their equity in the rest of the land, as the security interest. The agreement is silent except as to limitations. It is, on its face, a general assignment without limitation. Appellant argues they intended to assign something less than their entire vendors' interest in the contract for deed. To support her argu-

ment, appellant points out that Luhman's monthly payments continued to be paid to appellant and her husband rather than the bank. This is not determinative. Appellant's interest in this contract for deed included the right to receive payments as well as a lien on the land. *See Pelser v. Gingold*, 214 Minn. 281, 287–88, 8 N.W.2d 36, 40 (1943). The bank did not have to request the monthly payments from Luhman to perfect its security interest in the property. It had written assignments of both the vendee's and the vendor's interest which entitled it to foreclose if Luhman defaulted. This assignment was for security only and did not require appellant and her husband to also give up the right to the monthly payments. *See Midtaune v. Burns*, 434 N.W.2d 474, 476 (Minn.App. 1989), *pet. for rev. denied* (Minn. Mar. 29, 1989).

■ Appellant argues their intent was to allow Luhman to use *his* equity in the contract for deed as collateral, but not the amount Luhman still owed to appellant and her husband. Appellant claims this is an essential term of the contract, and since it is not clearly indicated, the contract must fail. Ambiguity exists when the language of a document is reasonably susceptible to more than one meaning. *Metro Office Parks Co. v. Control Data Corp.*, 295 Minn. 348, 351, 205 N.W.2d 121, 123 (1973). Interpretation of this ambiguity was left to the jury. The jury finding will not be disturbed unless clearly erroneous. *See* Minn.R.Civ.P. 52.01. When deciding whether a finding is clearly erroneous, the evidence is viewed in favor of the findings. *Caroga Realty Co. v. Tapper*, 274 Minn. 164, 169, 143 N.W.2d 215, 220 (1966). Since respondent already had an assignment of Luhman's vendee's interest in the contract for deed, it had no reason for appellant's signature if it was only to shore up its lien on Luhman's interest. Respondent already had the lien on that interest. Also, appellant and her husband did not have the right to sign away Luhman's interest in the property but they had the right to assign their own. The jury finding that they intended to assign their entire vendor's interest in

the contract for deed was not clearly erroneous.

Appellant claims there is insufficient evidence to show that she and her husband agreed to assign their entire vendors' interest in the contract for deed as collateral for their son's debt. She argues the assignment agreement does not indicate the reason for the assignment, that it was given as collateral for Luhman's farm line. We disagree. Respondent's loan officer testified that was the reason for the assignment. In addition, the assignment did not restrict the amount being assigned. Respondent relied upon the assignment by extending the farm line to an amount close to the value of the property involved, and listed the interest as collateral on promissory notes, security agreements, and loan comment sheets related to the farm line. Respondent continued to loan money to Luhman, exceeding his equity interest in the contract, up to an amount close to the value of the land. The value of the land, by definition, includes both vendee and vendor's interest. The loan officer testified the farm line was secured up to that amount, relying upon both assignments of the contract for deed. This evidence supports the jury finding that the parties' intent was an assignment of the entire vendor's interest in the contract for deed. The jury's finding was reasonable and supported by evidence.

The assignment agreement respondent asked appellant and her husband to sign could have been more precise regarding the nature of the arrangement and the penalties for default. It could have stated in plain and simple language that if Luhman did not pay the bank, the bank could foreclose, not only on his interest but also that of appellants, his parents. Plain language spelling out the forfeiture provision to appellant and her husband would not have hurt this agreement. We note that with the price of farm land generally increasing, it is common for parents selling family farms to their children to have to assist them in different ways to obtain credit for purchase or operating expenses. Written documents involving transfers and mortgages of real property call for the signatures of both spouses if the owner is married. Sometimes one spouse may understand more of the details and the legal consequences than the other. Often one spouse signs under the impression his or her signature is needed just as an accommodation or "because that is just the way we have to do it to satisfy banking regulation."

Appellant Mildred Luhman is now a widow and had no other witnesses on her side to the conversation. The record is clear her husband did most of the family business and the prior negotiations with the bank. Her recollection of the intent of the assignment and the circumstances surrounding it were vague. On the other hand, respondent's bank officers testified to their understanding that the assignment was for all the vendor's interest. We find the general language of the assignment did not state otherwise, the question was submitted to a jury, and appellant was allowed to argue her position. The jury found there was an assignment of the entire interest and, as this opinion states, there is sufficient evidence in the record to support that jury finding. We do suggest that when banks deal with persons involved in small businesses, farmers and others who may not be completely familiar with legal documents, straightforward language would avoid misunderstandings or confusion. We note the U.C.C. mandates that when sellers want to negate implied warranties of merchantability or of fitness for a purpose, as in a pure "as is" sale, they are required to set out the disclaimer language conspicuously (e.g., in bold type) so it does not get swallowed up in the standard lines that seem to run interminably together in legal documents.[1]

---

1. *See* Minn.Stat. §§ 336.2–316(2) (1990) (exclusion of implied warranty must be conspicuous), (3)(a) (1990) ("as is" or other language commonly understood may exclude implied warranties).

For instance, the following might have avoided the need for this lawsuit:

H. RAY AND MILDRED LUHMAN, IF YOUR SON ALLAN LUHMAN DEFAULTS ON THE MONEY HE OWES US, HE WILL LOSE

## II.

### Statute of Frauds

The trial court found the statute of frauds did not void this assignment. An appellate court need not defer to a trial court's determination of a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984); *County of Lake v. Courtney*, 451 N.W.2d 338, 340 (Minn.App.1990), *pet. for rev. denied* (Minn. Apr. 13, 1990).

Appellant claims the agreement to assign the property is within the statute of frauds as an agreement to answer for the debts of another under Minn.Stat. § 513.01(2) (1990) (requiring a writing for "[e]very special promise to answer for the debt, default or doings of another"). Since the agreement does not refer to the reason for the assignment, namely additional security for Luhman's debt, appellant claims it does not meet the requirement that essential terms of the agreement must be in writing. Respondent argues the assignment is an original promise outside the statute of frauds. We agree with respondent.

Appellant and her husband did not agree to pay respondent if Luhman defaulted on his loans. They could not be held *personally* liable for Luhman's debt if he defaulted. They simply agreed to assign their vendors' interest in the contract for deed to respondent as additional security for Luhman's debt. This agreement is an original promise outside the statute of frauds. Whether a promise is original depends on the mutual understanding of the parties. *See Esselman v. Production Credit Ass'n*, 380 N.W.2d 183, 187 (Minn. App.1986), *pet. for rev. denied* (Minn. Mar. 21, 1986). Appellant and her husband made an original promise to assign their vendors' interest in the contract for deed, in return for respondent increasing their son's farm line. *See Marckel Co. v. Raven*, 186 Minn. 125, 127, 242 N.W. 471, 472 (1932) (promise to pay another's debt in exchange for refraining from collection proceedings found to be an original promise outside of the statute of frauds).

### DECISION

The jury's finding that appellant and her husband had assigned their entire vendors' interest is supported by the evidence.

The assignment agreement was an original promise outside the statute of frauds.

Affirmed.

HIS INTEREST IN THE LAND HE IS BUYING FROM YOU AND YOU MAY LOSE *YOUR* INTEREST IN THAT LAND ALSO.