David ALLISON, Appellant,

v.

BEST RECYCLING & DISPOSAL,
INC., Respondent.

No. C7–96–2522.

Court of Appeals of Minnesota.

June 10, 1997.

Review Denied Aug. 26, 1997.

Kent E. Nyberg, Grand Rapids, for Appellant.

John H. Bray, Clure, Eaton, Butler, Michelson, Ferguson & Munger, P.A., Duluth, for Respondent.

Considered and decided by DAVIES, P.J., and SCHUMACHER and HOLTAN*, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges a summary judgment dismissing, on statute of frauds grounds, his action for breach of an alleged oral contract. We reverse and remand.

## FACTS

In January 1993, appellant David Allison sold his business to Deer River City Disposal (Deer River). The sale included appellant's refuse-hauling equipment and his routes and customer list. Payment was by promissory note, payable in monthly installments of $849.30 over 10 years.

In January 1995, Deer River's tangible personal property was repossessed by Itasca State Bank and sold to respondent Best Recycling & Disposal, Inc.[1] Respondent continued to make the $849.30 monthly payments to appellant through June 1995 and then reduced its monthly payments to $400. Respondent discontinued payments altogether in early November 1995.

Appellant brought suit against respondent demanding payment of the total amount due under the "obligation." Appellant alleged that respondent had "assumed the obligation of Deer River Disposal" and claimed that one of respondent's officers contacted him and orally assured him that the debt would be paid. The district court granted respondent's motion and denied appellant's motion for summary judgment on the ground that appellant's action was barred by the statute of frauds. This appeal followed.

## ISSUE

Was appellant's claim barred by the statute of frauds?

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

On appeals from summary judgment, this court must consider two questions: (1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). An issue of fact is material if it would affect the outcome of the case. *Zappa v. Fahey,* 310 Minn. 555, 556, 245 N.W.2d 258, 259–60 (1976). The evidence is to be viewed "in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). "A reviewing court is not bound by a district court's determination of a purely legal issue." *Summit House Co. v. Gershman,* 502 N.W.2d 422, 423–24 (Minn. App.1993).

The pertinent part of Minnesota's statute of frauds provides that, unless the promise is in writing, "no action shall be maintained * * * to answer for the debt, default or doings of another." Minn.Stat. § 513.01 (1996). In applying this portion of the statute, Minnesota courts distinguish between "collateral promises," which fall within the statute of frauds and therefore require a writing to be enforceable, and "original promises," which are not covered by the statute. *Mitchell Feed & Seed, Inc. v. Mitchell,* 413 N.W.2d 847, 849 (Minn.App.1987). This court has referred to a collateral promise as one that provides no (direct) benefit to the promisor. *Esselman v. Production Credit Ass'n,* 380 N.W.2d 183, 187 (Minn.App.1986), *review denied* (Minn. Mar. 21, 1986). An original promise, on the other hand, is

> one where the leading object of the promisor is to subserve or promote some interest or purpose of [its] own, as opposed to becoming merely the surety or guarantor of another's debt.

*J.J. Brooksbank Co. v. American Motors Corp.,* 289 Minn. 404, 409, 184 N.W.2d 796, 799 (1971) (citing 3 Samuel Williston and Walter H.E. Jaeger, *Williston on Contracts* § 464 (3d ed.1960)); *see also Rolfsmeyer v.*

---

1. At about the same time or shortly thereafter, the Deer River partners filed for bankruptcy.

*Rau*, 198 Minn. 213, 216, 269 N.W. 411, 412 (1936) (where promisor's leading purpose is to subserve some personal interest, promise is original "even though it incidentally guarantees the debt of another"). To be original, the promise must directly or primarily benefit the promisor; it is not enough that the promisor receive "some benefit" from the promise. *Esselman*, 380 N.W.2d at 187. Because an original promise does not fall within the statute of frauds, it is enforceable, even though oral. *Mitchell Feed*, 413 N.W.2d at 849.

 "Whether a promise is original or collateral depends upon what the parties mutually understood the promise to be." *Esselman*, 380 N.W.2d at 187. This understanding can be discerned from the parties' language and from the circumstances surrounding the agreement. *Id.* If, as here, the promisor is promising to pay a pre-existing debt, the statute of frauds does not apply if the transaction involves "fresh consideration." *Rolfsmeyer*, 198 Minn. at 215, 269 N.W. at 412. The determination as to whether a promise is original or collateral "is an issue of fact ordinarily left to the [fact-finder]." *Mitchell Feed*, 413 N.W.2d at 849.

Here, the district court concluded that appellant's action was barred by the statute of frauds because there was no written agreement between the parties as evidence of respondent's alleged oral agreement to assume the Deer River debt. Appellant argues that this conclusion is in error because respondent offered to pay the debt for its own benefit, not merely to answer for the debt of another. (In fact, the debt of Deer River was to be discharged by bankruptcy.)

The district court, by granting summary judgment in respondent's favor, implies a finding that the promise, if given, was collateral. However, a review of the record reveals evidence supporting appellant's argument that respondent made the alleged promise to promote its own interests. For example, respondent admits that it continued the monthly payments because of its concern about the ownership of the customer routes. Also, respondent had no business relationship or contacts with Deer River and there-fore had no reason to assume the debt as an accommodation to the bankrupt partnership.

Viewing the evidence in the light most favorable to appellant, material fact issues exist as to whether respondent promised to pay the Deer River obligation and, if it did, whether the promise was an original promise. The district court erred in granting summary judgment for respondent. The order granting respondent's motion for summary judgment, therefore, must be reversed and the case remanded. If the promise was original, the statute of frauds does not preclude enforcement of the oral contract.

### DECISION

The trial court erred in determining that the statute of frauds barred enforcement of appellant's claim. We therefore reverse and remand.

**Reversed and remanded.**